**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **JUDITH MACMUNN, et al.,** | ] | |
| | ] | |
| **Plaintiffs,** | ] | |
| | ] | |
| v. | ] | Civil Action No.: 07-1983 (RMU/AK) |
| | ] | **Next Event: Initial Scheduling Conference** |
| **ELI LILLY AND COMPANY,** | ] | **on January 8, 2008 at 2:30 p.m.** |
| | ] | |
| **Defendant.** | ] | |

**JOINT RULE 16.3 REPORT**

STATEMENT OF THE CASE:

A.    Plaintiffs':

This is a products liability/personal injury case arising from Plaintiff Judith MacMunn's in utero exposure to diethylstilbestrol ("DES"), a synthetic estrogen which was manufactured, marketed, sold, promoted and distributed by the Defendant in 1961 to said plaintiff's mother for the purpose of preventing miscarriage.

Plaintiff Judith MacMunn claims that as a result of her in utero exposure to DES, she has suffered injuries, including, but not limited to a T-shaped uterus and infertility, with concomitant medical and surgical expenses for care and treatment, suffered physical and mental pain, and that the Defendant is liable for said injuries based on negligence, strict liability, breach of warranty, and misrepresentation.

Plaintiff Michael MacMunn claims for loss of consortium.

B.    Defendant's:

Defendant Eli Lilly and Company ("Lilly") generally denies that it is liable to the Plaintiffs under any of the Plaintiffs' causes of action. While discovery has not yet commenced, Lilly believes

that the Plaintiffs will be unable to come forward with evidence sufficient to meet their burden of

persuasion that Plaintiff Judith MacMunn was exposed in utero to DES in the first place, that any

such DES was manufactured or produced by Lilly, that any such DES caused the injuries of which

the Plaintiffs complain, and that Lilly breached any duties owed to the Plaintiffs, breached any

warranties, or made any material misrepresentations. Lilly has also asserted several affirmative

defenses, including that the Plaintiffs' claims may be barred by the applicable statute of limitations

or laches, and by the learned intermediary doctrine.

IDENTITIES OF THE PARTIES:

Plaintiffs:    Judith MacMunn and Michael MacMunn

Defendant:    Eli Lilly and Company

STATUTORY BASIS FOR ALL CAUSES OF ACTION AND DEFENSES:

A.    Plaintiffs':

The statutory basis for the Plaintiffs' cause of action is 28 U.S.C. §1332(a) (diversity).

B.    Defendant's:

The only affirmative defense asserted by the Defendant with a statutory basis is that the

Plaintiffs' claims may be barred by the statute of limitations.

Pursuant to Judge Ricardo M. Urbina's Standing Order for Civil Cases, Local Rule 16.3 and

Fed. R. Civ. P. 26(f), the attorneys for plaintiffs and defendant conferred up to and including

December 19, 2007, and hereby submit the following succinct statement of all agreements reached

and positions taken by the parties on matters about which there was a disagreement:

TOPIC NO. 1: Whether the case is likely to be disposed of by dispositive motion; and
whether, if a dispositive motion has already been filed, the parties should recommend to the Court
that discovery or other matters should await a decision on the motion.

-2-

POSITION OF PARTIES:  It is too early to evaluate the likelihood that Defendant will bring dispositive motions as the parties have not yet engaged in any discovery.

TOPIC NO. 2: (a) The date by which any other parties shall be joined or the pleadings amended; and (b) whether some or all of the factual and legal issues can be agreed upon or narrowed.

POSITION OF PARTIES: (a) At the present time, none of the parties plan to join additional parties or amend the pleadings.  The parties acknowledge that once discovery has begun, there may then be a need to join other parties or to amend the pleadings. Defendant Lilly proposes a deadline for joinder or amending the pleadings of February 18, 2008. The plaintiffs do not want a deadline for joinder or amending the pleadings; (b) the parties agree that there are not yet any factual or legal issues that can be agreed  upon or narrowed.

TOPIC NO. 3: Whether this case should be assigned to a magistrate judge for all purposes, including trial.

POSITION OF PARTIES: Plaintiffs consent to having the case assigned to a magistrate judge for all purposes, including trial.  Defendant does not consent to having the case assigned to a magistrate judge for all purposes, including trial.

TOPIC NO. 4: Whether there is a realistic possibility of settling the case.

POSITION OF PARTIES:  While the parties are not aware of any information that would preclude a realistic possibility of settling the case, the parties also note that a prediction on the likelihood of settlement is somewhat premature as the parties have not yet engaged in any substantial discovery.

TOPIC NO. 5: Whether the case could benefit from the Court's alternative dispute resolution ("ADR") procedures or some other form of alternative dispute resolution, and, if so, which procedure should be used and whether discovery should be stayed or limited pending completion of ADR.

POSITION OF PARTIES: This matter has been referred to Magistrate Kay for settlement

purposes.

TOPIC NO. 6: Whether the case can be resolved by summary judgement or motion to dismiss; the dates for filing the dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision of the motions.

POSITION OF PARTIES: Depending on the information that Defendant learns during discovery, Defendant may file motions for summary judgement or motions to dismiss. The parties have proposed various deadlines under Topic No. 8.

TOPIC NO. 7: Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P.,and, if not, what, if any, changes should be made in the scope, form, or timing of those disclosures.

POSITION OF PARTIES: The parties agree and request the Court to dispose of the 26(a)(1) initial disclosures. The parties also agree that if plaintiffs request an extension of time to respond to defendant's discovery requests, plaintiffs shall at least produce the following by the original deadline for responding to the discovery requests: (a) all medical records in their possession (or the possession of their attorneys); (b) authorizations to obtain medical records; (c) the identity and address of all known medical providers who have treated  plaintiff Judith MacMunn and/or her mother; (d) the identity and address of the pharmacy, physician and/or hospital dispensing the DES at issue in this lawsuit; and (e) all documents and/or tangible objects in the possession of plaintiffs and/or their attorneys regarding the identity of the manufacturer of the DES at issue in this lawsuit.

Defendant agrees that, within a week of the time that defendant obtains any medical records (other than medical records received directly from plaintiffs), defendant shall send a copy of all such medical records to plaintiffs' counsel.

TOPIC NO. 8: The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for

admissions, and depositions.

POSITION OF PARTIES: The parties agree that, pursuant to Fed. Rule 33, each party is limited to 25 interrogatories. The parties agree that the number of non-expert depositions should be limited to the following, whichever is greater: (a) 10 non-expert depositions or (b) the depositions of the plaintiffs, any former or current spouse of plaintiff Judith MacMunn, plaintiff Judith MacMunn's mother, as well as the depositions of any relevant medical providers, pharmacists or pharmacy personnel. The parties agree that the duration of each deposition shall be limited to one (1) day or seven (7) hours, whichever is greater.

The parties suggest the following schedule:

February 21, 2008:    Deadline for serving discovery requests.

June 12, 2008:        10:30 a.m. Status Conference before Judge Ricardo M. Urbina. (*Minute Order of December 17, 2007*)

June 23, 2008:        Deadline for plaintiffs to designate experts and provide expert reports, pursuant to Rule 26(a)(2).

August 22, 2008:      Deadline for defendant to designate experts and provide expert reports, pursuant to Rule 26(a)(2).

September 22, 2008:   All Discovery Closed. The parties agree that experts may be deposed until the close of discovery.

October 22, 2008:     Deadline for filing Dispositive Motions.

December 2008:        Pre-Trial Conference.

*N.B.    In addition, Defendant Lilly proposes February 18, 2008 as the deadline for joinder or amending the pleadings.*

The parties' Proposed Scheduling Order attached hereto as Appendix No. 1.

TOPIC NO. 9: Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., shall be modified and whether and when depositions of experts should occur.

POSITION OF PARTIES: The parties agree to make all expert witnesses available for deposition. Prior to the depositions, the parties agree to exchange expert reports pursuant to Rule 26(a)(2), except that the parties agree to dispense with the requirement of Rule 26(a)(2)(B) of a list of cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. However, the parties may inquire into the topic of prior cases at the time of the deposition.

TOPIC NO. 10: In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

POSITION OF PARTIES: Not applicable.

TOPIC NO. 11: Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

POSITION OF PARTIES: The parties agree that it is too early to determine whether the trial of this case should be bifurcated or managed in phases.

TOPIC NO. 12: The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

POSITION OF PARTIES: The parties request a pretrial conference in December 2008.

TOPIC NO. 13: Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

-7-

POSITION OF PARTIES: The plaintiffs prefer that a firm trial date be set at the first

scheduling conference. Defendant does not prefer that a firm trial date be set at the first scheduling

conference.

TOPIC NO. 14: Such other matters that the parties believe may be appropriate for inclusion

in a scheduling order.

POSITION OF PARTIES: The parties have no other matters that they believe need to be

included in the scheduling order at this time.

                                          Respectfully submitted,

AARON M. LEVINE & ASSOCIATES              SHOOK, HARDY & BACON, L.L.P.


 /s/ Aaron M. Levine                      /s/ John Chadwick Coots (by permission-rm)
AARON M. LEVINE, #7864                    JOHN CHADWICK COOTS, #461979
1320 19th Street, N.W.                    600 14th Street, N.W.
Suite 500                                 Suite 800
Washington, DC 20036                      Washington, DC   20005-2004
202/833-8040                              202-223-1200
Fax: 202-833-8046                         Fax: 202-783-4211

Counsel for Plaintiffs                    and

                                          David W. Brooks, Esq.
                                          Mark C. Hegarty, Esq.
                                          Jonathan H. Gregor, Esq.
                                          SHOOK, HARDY & BACON, L.L.P.
                                          2555 Grand Boulevard
                                          Kansas City, MO 64108
                                          816-474-6550
                                          Fax: 816-421-5547

                                          Counsel for Defendant Eli Lilly and Company


Dated: December 19, 2007

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **JUDITH MACMUNN, et al.,** | ] | |
| | ] | |
| **Plaintiffs,** | ] | |
| | ] | |
| **v.** | ] | **Civil Action No.: 07-1983 (RMU/AK)** |
| | ] | **Next Event: Initial Scheduling Conference** |
| **ELI LILLY AND COMPANY,** | ] | **on  January 8, 2008 at 2:30 p.m.** |
| | ] | |
| **Defendant.** | ] | |

**[PROPOSED] SCHEDULING ORDER**

The parties suggest the following schedule:

February 21, 2008:    Deadline for serving discovery requests.

June 12, 2008:        10:30 a.m. Status Conference before Judge Ricardo M. Urbina.

(*Minute Order of December 17, 2007*)

June 23, 2008:        Deadline for plaintiffs to designate experts and provide expert reports, pursuant to Rule 26(a)(2).

August 22, 2008:      Deadline for defendant to designate experts and provide expert reports, pursuant to Rule 26(a)(2).

September 22, 2008:   All Discovery Closed. The parties agree that experts may be deposed until the close of discovery.

October 22, 2008:     Deadline for filing Dispositive Motions.

December 2008:        Pre-Trial Conference.

*N.B.    In addition, Defendant Lilly proposes February 18,  2008 as the deadline for joinder or amending the pleadings.*

_____
ALAN KAY
United States Magistrate Judge

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

SHOOK, HARDY & BACON, L.L.P.

 /s/ Aaron M. Levine
AARON M. LEVINE, #7864
1320 19th Street, N.W.
Suite 500
Washington, DC 20036
202/833-8040
Fax: 202-833-8046

Counsel for Plaintiffs

/s/ John Chadwick Coots (by permission-rm)
JOHN CHADWICK COOTS, #461979
600 14th Street, N.W.
Suite 800
Washington, DC   20005-2004
202-223-1200
Fax: 202-783-4211

and

David W. Brooks, Esq.
Mark C. Hegarty, Esq.
Jonathan H. Gregor, Esq.
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
816-474-6550
Fax: 816-421-5547

Counsel for Defendant Eli Lilly and Company

Dated: December 19, 2007