<u>Co.</u>, No. 02-1976 (D.D.C. Dec. 13, 2002), mem. op. at 5, App. 5; <u>Fastino v. Eli Lilly and Co.</u>,

---

[2] To the extent that <u>Thompson</u>, Def's Exh. 1A, and <u>Lentz</u>, Def's Exh. 1C, are to the contrary, it is because Judge Walton and Judge Huvelle made specific findings with regard to the facts of those cases.  <u>See</u> <u>Thompson</u>, mem. op. at 5 ("no direct connection to *this case*"); <u>Lentz</u>, mem. op. at 4 ("not directly related to *this particular case*") (emphasis added).  As discussed <u>supra</u>, each motion to transfer is decided on its own merits; neither <u>Thompson</u> nor <u>Lentz</u> can establish that Defendant's actions in the District of Columbia are *never* enough to be a factor against transfer.  In fact, Judge Roberts recently held in the <u>Robinson</u> case that Lilly's activities in the District of Columbia are potentially significant enough to affect the *choice of law* analysis.  <u>See</u> <u>Robinson</u>, Mem. Op. at 10-11, App. 6. Plaintiff maintains that, for this case, she will require discovery of the District of Columbia-based coordination of efforts by the drug companies regarding DES, not just Defendant's direct interaction with federal regulatory bodies.

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)
JUDITH MACMUNN, et al.   )
           )
    Plaintiff,   )  Civil Action No. 07-1983 (RMU/AK)
           )
   v.     )
           )
ELI LILLY AND COMPANY,  )
           )
    Defendant.  )
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)

**AFFIDAVIT OF AARON M. LEVINE, ESQ.**
**AUTHENTICATING DOCUMENTS**

  I, Aaron M. Levine, declare under penalty of perjury that the following is true and correct:

  1. Attached as Appendix 1 is a true copy of selected pages from Defendants' Motion to Transfer to the Northern District of California and of the Civil Docket containing a Minute Order denying same in <u>Miller v. Eli Lilly and Co.</u>, No. 03-896 (D.D.C. May 5, 2004).

  2. Attached as Appendix 2 is a true copy of the Order in <u>Roing v. Eli Lilly and Co.</u>, No. 02-2211 (D.D.C. Jan. 2003).

  3. Attached as Appendix 3 is a true copy of selected pages from the Motion of Defendant Eli Lilly and Company to Transfer Action and the Order denying same in <u>Peterson v. Eli Lilly and Co.</u>, No. 01-1404 (D.D.C. Jan. 9, 2002).

  4. Attached as Appendix 4 is a true copy of the Motion of Defendant Eli Lilly and Company to Transfer Action and Order denying same in <u>Scaramuzzi v. Eli Lilly and Co.</u>, No. 01-1095 (D.D.C. Dec. 19, 2001).

5.   Attached as Appendix 5 is a true copy of the Memorandum Opinion and Order in <u>Blank v. Eli Lilly and Co.</u>, No. 02-1976 (D.D.C. Dec. 13, 2002).

6.   Attached as Appendix 6 is a true copy of the Memorandum Opinion and Order in <u>Robinson v. Eli Lilly and Co.</u>, No. 07-153, Mem. Op. at 7 (D.D.C. Feb. 26, 2008).

7.   Attached as Appendix 7 is a true copy of the order in <u>Dimanche v. Eli Lilly and Co.</u>, No. 03-0236 (D.D.C. Oct. 17, 2003).

8.   Attached as Appendix 8 is a true copy of the Minute Order entered electronically on March 31, 2008 in <u>Mahoney v. Eli Lilly and Co.</u>, No. 1:06-cv-02043 (D.D.C.).

9.   Attached as Appendix 9 is a true copy of selected pages from American Drug Manufacturers Association, "Trip Report: Meeting of Representatives of a Group of Drug Manufacturers Interested in Stilbestrol" dated January 28, 1941.

10. Attached as Appendix 10 is a true copy of selected pages from Eli Lilly and Company's Memorandum of Points and Authorities in Support of Its Motion Pursuant to 28 U.S.C. §1404(a) to Transfer to the Middle District of North Carolina, <u>McClamrock v. Eli Lilly and Co.</u>, No. 02-2383.

11. Attached as Appendix 11 is a true copy of the Memorandum Opinion and Order in <u>Fastino v. Eli Lilly and Co.</u>, No. 02-02210 (D.D.C. Oct. 8, 2003).

12. Attached as Appendix 12 is a true copy of the Memorandum in Support of Defendant Eli Lilly and Company's Motion to Transfer to the District of Massachusetts in <u>Mahoney v. Eli Lilly and Co.</u>, No. 1:06-cv-02043 (D.D.C.), filed March 14, 2008.

I declare under penalty of perjury that the foregoing is true and correct.

　　　　　　　　　　　　　　　　　　 /s/  Aaron M. Levine
　　　　　　　　　　　　　　　　　　　　Aaron M. Levine

Dated:  April 17, 2008

Appendix 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

LAUREN GAIL MILLER,

                              Plaintiff,

                    v.

ELI LILLY AND COMPANY, et al.,

                              Defendants.

CIVIL ACTION No. 03-00896 (HHK)

## DEFENDANTS' MOTION TO TRANSFER
## TO THE NORTHERN DISTRICT OF CALIFORNIA

Defendants Eli Lilly and Company ("Lilly"), Abbot Laboratories, Inc. ("Abbott"),

Bristol-Myers Squibb Company ("Squibb"), Dart Industries, Inc. ("Dart"), GlaxoSmithKline

("Glaxo"), Merck and Company, Inc. ("Merck"), Pharmacia and Upjohn Company

("Pharmacia"), and Premo Pharmaceutical Laboratories, Inc. ("Premo") (collectively, the

"Defendants"), hereby move to transfer this action, pursuant to 28 U.S.C. § 1404(a), to the

United States District Court for the Northern District of California. Defendants base their motion

on the fact that the Northern District of California is a more convenient forum than the District of

Columbia for trying this action based on alleged exposure to the drug DES, the action could have

been brought in the Northern District of California in the first place, and transfer out of a district

with absolutely no connection to the Plaintiff's cause of action is in the interest of justice.

Transfer to the Northern District of California is appropriate for at least the following

reasons:

- Plaintiff Lauren Gail Miller ("Plaintiff") resides in the Northern District of California;

- Plaintiff's Mother, Gail Kendrick Miller, resides in the Northern District of California and Plaintiff's father is deceased;

1

- Plaintiff alleges *in utero* exposure to diethylstilbestrol in the Northern District of California;

- Plaintiff was born in the Northern District of California;

- Although Plaintiff could only identify the location of the pharmacy that allegedly dispensed the product at issue in this case, Plaintiff has identified the dispensing facility as being located in the Northern District of California;

- Dr. Gregory Smith, Plaintiff's mother's prescribing and treating physician, practiced medicine and treated Plaintiff's mother in the Northern District of California;

- All of Plaintiff's gynecological care from the age of menarche to the present has been through the Kaiser Permanente medical group, located in Santa Clara, California which is in the Northern District of California;

- Dr. Edward J. Bailey, Dr. Joseph D'Amico and Dr. Cassius A. Scott, doctors identified as having treated Plaintiff for injuries allegedly caused by *in utero* exposure to diethylstilbestrol, practice in the Northern District of California;

- This case -- like the more than 100 DES cases filed by Plaintiff's counsel in the District of Columbia in the past three years -- has no connection to the District of Columbia except that it was filed here.

WHEREFORE, based on the foregoing reasons and those more fully set forth in the

accompanying Memorandum of Points and Authorities in Support of this Motion, Defendants

respectfully request this Court to grant their motion to transfer this case to the Northern District

of California.

Respectfully submitted,

ELI LILLY AND COMPANY
By its Attorneys:

/s/ Lawrence H. Martin
Lawrence H. Martin
Foley Hoag LLP
1875 K Street, N.W., Suite 800
Washington, D.C., 20006-1238
(202) 223-1200

and

- 2 -

Case 1:07-cv-01983-RMU    Document 18-3    Filed 04/17/2008    Page 4 of 6

CLOSED, TYPE-B

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:03-cv-00896-HHK

MILLER v. ELI LILLY AND COMPANY et al
Assigned to: Judge Henry H. Kennedy
Cause: 28:1332 Diversity-Product Liability

Date Filed: 04/17/2003
Date Terminated: 05/10/2005
Jury Demand: None
Nature of Suit: 365 Personal Inj. Prod.
Liability
Jurisdiction: Diversity

| Date Filed | # | Docket Text |
|---|---|---|
| 04/17/2003 | 1 | NOTICE OF REMOVAL from Superior Court for the District of Columbia, case number 03-0002013. ( Filing fee $ 150 ) (Attachments: # 1 Exhibit # 2 Exhibit)(bcs, ) (Entered: 04/23/2003) |
| 04/17/2003 | 2 | LCvR 26.1 - CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by ELI LILLY AND COMPANY (bcs, ) (Entered: 04/23/2003) |
| 04/21/2003 | 4 | NOTICE of Appearance by John F. Anderson on behalf of DART INDUSTRIES INC (Anderson, John) (Entered: 04/21/2003) |
| 04/21/2003 | 2 | LCvR 26.1 - CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests *for Dart Industries, Inc.* (Anderson, John) (Entered: 04/21/2003) |
| 04/22/2003 | 5 | NOTICE of Appearance by Aaron M. Levine on behalf of LAUREN GAIL MILLER (Levine, Aaron) (Entered: 04/22/2003) |
| 04/24/2003 | 6 | Preliminary Electronic Case Filing Order. Signed by Judge Henry H. Kennedy on April 24, 2003. (FL, ) (Entered: 04/24/2003) |
| 04/28/2003 | 7 | LCvR 26.1 - CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests (Simonyi, Juli) (Entered: 04/28/2003) |
| 04/28/2003 | 8 | LCvR 26.1 - CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests (Leech, Sidney) (Entered: 04/28/2003) |
| 04/29/2003 | 9 | ORIGINAL FILE. certified copy of transfer order. and docket sheet received from D.C. Superior Court 03ca2013. (bcs, ) (Entered: 05/01/2003) |
| 05/06/2003 | 10 | NOTICE of Appearance by Scott Hu Christensen on behalf of MALLINCKRODT, INC. (Christensen, Scott) (Entered: 05/06/2003) |
| 05/06/2003 | 11 | LCvR 26.1 - CERTIFICATE OF DISCLOSURE of Corporate |

| | | Affiliations and Financial Interests *of Mallinckrodt, Inc.* (Christensen, Scott) (Entered: 05/06/2003) |
|---|---|---|
| 05/13/2003 | 12 | NOTICE of Appearance by Kathleen M. Bustraan on behalf of LANNETT COMPANY, INC. (Bustraan, Kathleen) (Entered: 05/13/2003) |
| 05/13/2003 | 13 | LCvR 26.1 - CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests *for Lannett Company, Inc.* (Bustraan, Kathleen) (Entered: 05/13/2003) |
| 09/11/2003 | 14 | LCvR 26.1 - CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests *Amended* (Leech, Sidney) (Entered: 09/11/2003) |
| 10/14/2003 | 15 | NOTICE of Appearance by Juli Zsuzsa Simonyi on behalf of PREMO PHARMACEUTICAL LABORATORIES, INC. (Attachments: # 1 Exhibit Exhibit 1 - Copy of Answer)(Simonyi, Juli) (Entered: 10/14/2003) |
| 10/21/2003 | 16 | NOTICE of Change of Address by John F. Anderson (Anderson, John) (Entered: 10/21/2003) |
| 10/31/2003 | 17 | NOTICE of Appearance by Janet K. Coleman on behalf of GLAXOSMITHKLINE INC (Coleman, Janet) (Entered: 10/31/2003) |
| 10/31/2003 | 18 | LCvR 26.1 - CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests *for GlaxoSmithKline* (Coleman, Janet) (Entered: 10/31/2003) |
| 12/09/2003 | 19 | NOTICE of Change of Address by Lawrence Hedrick Martin (Martin, Lawrence) (Entered: 12/09/2003) |
| 12/23/2003 | 20 | ENTERED IN ERROR.....MOTION to Transfer Case *to the Northern District of California* by ABBOTT LABORATORIES, INC., BRISTOL-MYERS SQUIBB COMPANY, DART INDUSTRIES INC, ELI LILLY AND COMPANY, GLAXOSMITHKLINE INC, MALLINCKRODT, INC., MERCK & COMPANY INC, PHARMACIA & UPJOHN COMPANY, PREMO PHARMACEUTICAL LABORATORIES, INC.. (Attachments: # 1 Affidavit of Howard P. Goldberg# 2 Exhibit A to Goldberg Affidavit# 3 Exhibit B to Goldberg Affidavit# 4 Exhibit C to Goldberg Affidavit# 5 Exhibit D to Goldberg Affidavit# 6 Text of Proposed Order)(Martin, Lawrence) Modified on 12/24/2003 (bcs, ). (Entered: 12/23/2003) |
| 12/24/2003 | | "NOTICE OF CORRECTED DOCKET ENTRY. Document No. 20 was entered in error and counsel has chosen to refile said pleading to make correcetion." (bcs, ) (Entered: 12/24/2003) |
| 12/24/2003 | 21 | MOTION to Transfer Case *to the Northern District of California* by ABBOTT LABORATORIES, INC., BRISTOL-MYERS SQUIBB COMPANY, DART INDUSTRIES INC, ELI LILLY AND COMPANY, GLAXOSMITHKLINE INC, MERCK & COMPANY INC, PHARMACIA & UPJOHN COMPANY, PREMO |

| | | 28, 2004. Official paperless order(FL. ) Modified on 1/28/2004 (FL. ). (Entered: 01/28/2004) |
|---|---|---|
| 01/29/2004 | 30 | NOTICE of Voluntary Dismissal re Lannett Company, Inc. (Levine, Aaron) (Entered: 01/29/2004) |
| 05/05/2004 | | MINUTE ORDER: denying Motion to Transfer Case 21 (Kennedy, Henry) (Entered: 05/05/2004) |
| 05/13/2004 | | Set Hearings: Initial Status Conference set for 8/6/2004 10:15 AM in Courtroom 14 before Judge Henry H. Kennedy. (zrew, ) (Entered: 05/13/2004) |
| 05/14/2004 | 31 | Order for Initial Scheduling Conference. Initial conference set for 8/6/2004, at 10:15 am before Judge Henry H. Kennedy, Jr. Signed by Judge Henry H. Kennedy on May 14, 2004. (FL, ) (Entered: 05/14/2004) |
| 05/28/2004 | 32 | STIPULATION *of Dismissal of Dart Industries, Inc.* by DART INDUSTRIES INC, LAUREN GAIL MILLER. (Anderson, John) (Entered: 05/28/2004) |
| 06/02/2004 | 33 | NOTICE of Voluntary Dismissal re Merck & Co. *with prejudice* (Ewert, Elizabeth) (Entered: 06/02/2004) |
| 06/17/2004 | 34 | NOTICE by PHARMACIA & UPJOHN COMPANY *Notice to Strike and Enter Appearance of Counsel* (Leech, Sidney) (Entered: 06/17/2004) |
| 07/27/2004 | 35 | MEET AND CONFER STATEMENT. (Attachments: # 1 Text of Proposed Order Proposed Scheduling Order)(Levine, Aaron) (Entered: 07/27/2004) |
| 08/06/2004 | | Minute Entry for proceedings held before Judge Henry H. Kennedy : Status Conference held on 8/6/2004. The Court adopts counsel's briefing schedule. Counsel agree to Mediation. Status Conference set for 4/8/2005 at 09:30 AM in Courtroom 14 before Judge Henry H. Kennedy. (Court Reporter Dolores Byers.) (rew, ) (Entered: 08/09/2004) |
| 08/11/2004 | 36 | Scheduling Order: Status conference set for April 8, 2005, at 9:30 a.m., before Judge Henry H. Kennedy, Jr. Signed by Judge Henry H. Kennedy, Jr., on August 11, 2004. (FL, ) (Entered: 08/11/2004) |
| 08/11/2004 | 37 | Order referring action to mediation. Signed by Judge Henry H. Kennedy, Jr., on August 11, 2004. (FL, ) (Entered: 08/11/2004) |
| 08/11/2004 | | Set Deadlines/Hearings: Discovery due by 3/7/2005. Dispositive Motions due by 4/11/2005. Plaintiff Rule 26a2 due by 12/6/2004. Defendant Rule 26a2 due by 1/5/2005. Status Conference set for 4/8/2005 09:30 AM in Courtroom 14 before Judge Henry H. Kennedy. (rew, ) (Entered: 08/11/2004) |
| 01/04/2005 | 38 | RULE 26a2 STATEMENT. (Coleman, Janet) (Entered: 01/04/2005) |
| 01/04/2005 | 39 | NOTICE of Appearance by Elizabeth Ewert on behalf of PHARMACIA & UPJOHN COMPANY (Ewert, Elizabeth) (Entered: 01/04/2005) |

# Appendix 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CELIA ROING, DIANE MULLEN, and ELAINE PHILBRICK, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 02-2211 (JDB) |
| v. | ) ) | |
| ELI LILLY AND COMPANY, | ) ) | |
| Defendant. | ) ) | |

## ORDER

Plaintiffs, who all reside in Massachusetts, have filed this diversity action alleging they were exposed in utero to diethylstilbestrol ("DES") in Massachusetts. Defendant Eli Lilly and Company ("defendant") has moved to transfer the case to the District of Massachusetts, pursuant to 28 U.S.C. § 1404(a), asserting that Massachusetts is a more convenient forum than the District of Columbia, the action could have been brought in Massachusetts originally, the action has no connection to the District of Columbia, and transfer thus would be in the interest of justice.

Following six other judges of this Court who have denied similar motions in DES cases against Eli Lilly, the Court denies defendant's motion. The Court agrees that this action could have been brought in the District of Massachusetts. However, the convenience of the parties and witnesses, and the interest of justice, do not warrant transfer. See 28 U.S.C. §1404(a).

Plaintiffs' choice of forum is entitled to some weight, although it is given less deference when the chosen forum is not the plaintiff's home forum. See Piper Aircraft v. Reyno, 454 U.S. 235, 255-56 (1981); Boers v. United States, 133 F. Supp. 2d 64, 65 (D.D.C. 2001). On the other

hand, defendant has engaged in some lobbying and other efforts related to DES in the District of Columbia. Moreover, it is the forum of choice for many DES cases against Eli Lilly, and even has been the forum of choice by Eli Lilly for its litigation against insurers regarding coverage for DES claims.[1] The location of fact and particularly expert witnesses all around the country does not clearly favor Massachusetts over the District of Columbia. Finally, it is undisputed that plaintiffs and defendant both have counsel in the District of Columbia experienced in handling this type of litigation, and that those counsel have cooperated in numerous other DES cases in the District of Columbia with respect to making witnesses and documents (including medical records) readily available. In short, the relevant factors do not weigh clearly in favor of transfer to the District of Massachusetts.

Accordingly, upon consideration of defendant's motion to transfer and plaintiffs' opposition thereto, and having assessed the convenience of the parties and witnesses as well as the interest of justice, it is this ____ day of January, 2003, hereby

ORDERED that defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a) is DENIED.

_____
JOHN D. BATES
United States District Judge

_____

[1] Eli Lilly opposed a motion to transfer in that case, defending its right to choose the District of Columbia courts against allegations that it was engaged in forum shopping.

-2-

Appendix 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                   *
NANCY PETERSON,                    *
                                   *
           Plaintiff,              *
                                   *          CASE NO. 1:01CV01404 (ESH)
     v.                            *
                                   *
ELI LILLY AND COMPANY,             *
                                   *
           Defendant.              *
                                   *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## MOTION OF DEFENDANT ELI LILLY
## AND COMPANY TO TRANSFER ACTION

Defendant Eli Lilly and Company ("Lilly") hereby moves to transfer this action, pursuant to 28 U.S.C. § 1404(a), to the District of Massachusetts. Lilly bases its motion on the fact that the District of Massachusetts is a more convenient forum than the District of Columbia, the action could have been brought in the District of Massachusetts in the first place, and transfer out of a district with absolutely no connection to the Plaintiff's cause of action is in the best interests of justice.

More specifically, Plaintiff resides in the District of Massachusetts and alleges that she was exposed in utero to diethylstilbestrol in the District of Massachusetts. Lilly has reason to believe that almost all fact witnesses either reside in or are subject to the subpoena power of the District of Massachusetts. The interests of justice will not be served by burdening the citizens of the District of Columbia with a case that has no connection to the forum, and therefore transfer to the far more convenient District of Massachusetts forum is appropriate.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NANCY PETERSON,                )
                              )
        Plaintiff,             )
                              )
    v.                        )       Case No. 1:01 CV01404 (ESH/AK)
                              )       Next Event:  Defendant's 26(a)(2)
ELI LILLY AND COMPANY         )       Statement Due on January 21, 2002
                              )
        Defendant.            )

## ORDER

Upon consideration of Plaintiff's Opposition to Defendant's Motion to Transfer, and for

good cause shown, it is this 9 day of  January , 2002

ORDERED that Defendant's Motion to Transfer be and hereby is DENIED;

AND IT IS FURTHER ORDERED that this case shall remain in the United States

District Court for the District of Columbia and shall not be transferred.

_____
Judge

Copies to:

Aaron M. Levine, Esq.                    James J. Dillon, P.C.
Aaron M. Levine & Associates             Goodwin Procter LLP
1320 - 19th Street, N.W., Suite 500      Exchange Place
Washington, D.C.  20036                  Boston, MA  02109

Thomas M. Hefferon, P.C.
Goodwin Procter LLP
1717 Pennsylvania Avenue, NW
Washington, DC  20006





Appendix 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                            *
DOREEN SCARAMUZZI, as                       *
Mother and Next Friend of                   *
HARRY J. SCARAMUZZI, III, a Minor,          *
                                            *
            Plaintiffs,                      *
                                            *    CASE NO. 1:01CV01095 (EGS/AK)
      v.                                     *
                                            *
ELI LILLY AND COMPANY,                       *
                                            *
            Defendant.                       *
                                            *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## MOTION OF DEFENDANT ELI LILLY
## AND COMPANY TO TRANSFER ACTION

Defendant Eli Lilly and Company ("Lilly") hereby moves to transfer this third generation

DES products liability action, pursuant to 28 U.S.C. § 1404(a), to the District of Rhode Island.

Lilly bases its motion on the fact that the District of Rhode Island is a more convenient forum

than the District of Columbia, the action could have been brought in the District of Rhode Island

in the first place, and transfer out of a district with absolutely no connection to the Plaintiffs'

cause of action is in the best interests of justice, particularly where the case raises novel issues

under Rhode Island law.

More specifically, Plaintiffs reside in the District of Rhode Island, Ms. Scaramuzzi

alleges that she was exposed in utero to diethylstilbestrol in the District of Rhode Island, and

Harry Scaramuzzi was born in the District of Rhode Island. Lilly has reason to believe that

almost all fact witnesses either reside in or are subject to the subpoena power of the District of

Rhode Island. Further, and importantly, Rhode Island substantive law will govern this third

generation DES action and no Rhode Island court has yet had the opportunity to address the viability of such a claim. The interests of justice will not be served by burdening the citizens of the District of Columbia with a case that has no connection to the forum. Nor will the interests of justice be served by asking a District of Columbia Court to rule on novel issues under Rhode Island law when a transfer to Rhode Island is possible and far more convenient. Therefore, transfer to the District of Rhode Island forum is appropriate.

WHEREFORE, based on the foregoing reasons and those more fully set forth in the accompanying Memorandum of Points and Authorities in Support of this Motion, Lilly respectfully requests this Court to grant its motion to transfer this case to the District of Rhode Island.

GOODWIN PROCTER LLP

By: _____
Thomas M. Hefferon, P.C. (#461750)
Ellen M. Quattrucci (#462103)
GOODWIN PROCTER LLP
1717 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 974-1000

and

James J. Dillon, P.C.
Andrea L. Studley
Daniel J. Pasquarello
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts 02109
(617) 570-1000
Attorneys for Defendant
Eli Lilly and Company

DATED: December 6, 2001

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DOREEN SCARAMUZZI, as mother,  )
and next friend of             )
HARRY J. SCARAMUZZI, III,      )
a minor,                       )
              Plaintiffs,      )    Civil Action No.: 01-1095
                               )    (EGS) [10]
        v.                     )
                               )
ELI LILLY AND COMPANY,         )
              Defendant.       )

**FILED**

JAN 1 0 2001

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ORDER

Upon consideration of defendant's motion to transfer, counsels' representations at the December 7, 2001 status hearing, and the fact that the parties have already engaged in substantial discovery, it is hereby

ORDERED that defendant's motion to transfer is DENIED without prejudice.

12/15/01
DATE

Emmet G. Sullivan
United States District Judge

Appendix 5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

HILLARY BLANK and MARC BLANK,    )
                                 )
        Plaintiffs,              )
                                 )
v.                               )    Civil Action No. 02-1976 (RWR)
                                 )
ELI LILLY AND COMPANY,           )
                                 )
        Defendant.               )
                                 )

---

## MEMORANDUM OPINION AND ORDER

Plaintiffs Hillary Blank and Marc Blank filed this diversity action alleging that Ms. Blank was exposed *in utero* to diethylstilbestrol ("DES"). Defendant Eli Lilly and Company ("Eli Lilly") has moved to transfer the case to the District of Massachusetts. Because defendant has failed to establish that the convenience of the parties and the witnesses and the interests of justice favor transfer to Massachusetts, defendant's motion will be denied.

### BACKGROUND

Plaintiffs are residents of New Jersey. Eli Lilly is an Indiana pharmaceutical corporation which manufactured and sold DES throughout the United States. Ms. Blank alleges that her mother took DES during pregnancy.

Ms. Blank was born in Massachusetts in 1967. She alleges that, as a result of her mother's use of DES during pregnancy,

- 2 -

she has suffered physical injuries including reproductive
malfunction and infertility.  Ms. Blank also alleges that she has
suffered depression, anxiety and emotional distress.

<u>DISCUSSION</u>

Defendant has moved to transfer this case to Massachusetts
pursuant to 28 U.S.C. § 1404(a)(2000), which provides that "[f]or
the convenience of parties and witnesses, in the interest of
justice, a district court may transfer any civil action to any
other district or division where it might have been brought."
The moving defendant "bears the burden of demonstrating that
transfer pursuant to Section 1404(a) is warranted." <u>Gemological
Institute of America v. Thi-Dai Phan</u>, 145 F. Supp. 2d 68, 71
(D.D.C. 2001).  Section 1404(a) grants district courts broad
discretion to transfer cases, but they must "adjudicate such
motions according to an 'individualized, case-by-case
consideration of convenience and fairness.'" <u>Gemological
Institute</u>, 145 F. Supp. 2d at 71 (citing <u>Stewart Organization,
Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988)).

The Court must first determine whether venue and personal
jurisdiction are proper in the transferee district. <u>Lamont v.
Haig</u>, 590 F.2d 1124, 1131 n.45 (D.C. Cir. 1978); <u>see also</u> <u>Relf v.
Gasch</u>, 511 F.2d 804, 806 (D.C. Cir. 1975) (holding that the

- 3 -

district court may transfer a case only to a judicial district
where the case might have been brought).

Once a court makes this determination, it must then "balance
a number of case-specific factors which include the private
interests of the parties as well as public interests such as
efficiency and fairness." Wilderness Society v. Babbitt, 104 F.
Supp. 2d 10, 12 (D.D.C. 2000). On the private side of the
balance, these factors include: (1) the plaintiff's choice of
forum; (2) the defendant's choice of forum; (3) whether the claim
arose elsewhere; (4) the convenience of the parties; (5) the
convenience of the witnesses, but only to the extent that the
witnesses may be unavailable for trial in one of the districts;
and (6) the ease of access to sources of proof. Id. The factors
on the public side of the balance include: (1) the transferee's
familiarity with the governing law; (2) the relative congestion
of both the transferor and transferee courts; and (3) the local
interest in deciding local controversies at home. Id.

I.    Venue in the District of Massachusetts

"A civil action wherein jurisdiction is founded only on
diversity of citizenship may . . . be brought . . . in . . . (2)
a judicial district in which a substantial part of the events or
omissions giving rise to the claim occurred . . .." 28 U.S.C.

- 4 -

§ 1391(a)(2).  Plaintiff alleges that her *in utero* exposure to
DES occurred during her mother's pregnancy in Massachusetts.

A federal court in Massachusetts would be able to assert
personal jurisdiction over Eli Lilly based on plaintiff's
allegations that the company sold DES to plaintiff's mother in
Massachusetts.  <u>See</u> Mass. Gen. Laws ch. 223A, § 3 (Massachusetts
long-arm statute governing torts allegedly committed in
Massachusetts).  Because venue and personal jurisdiction would be
proper in the District of Massachusetts, this case is one which
might have been brought there.

II. <u>Private Factors</u>

Typically, the plaintiff's choice of forum is given
considerable weight, but it is entitled to "substantially less
deference when the forum preferred by the plaintiff is not his
home forum."  <u>Boers v. United States</u>, 133 F. Supp. 2d 64, 65
(D.D.C. 2001) (citing <u>Piper Aircraft v. Reyno</u>, 454 U.S. 235,
255-56 (1981)).  In this case, plaintiffs are not residents of
their chosen forum, but plaintiffs argue that much of defendant's
lobbying efforts before the Food and Drug Administration ("FDA")
occurred in the District of Columbia.  Defendant's choice of
another forum is undermined by the fact that defendant chose the
District of Columbia as the forum for its own litigation against
insurers regarding coverage for DES claims and opposed the

- 5 -

insurers' motion to transfer the case to another forum.  <u>See</u> Eli
Lilly's Memorandum in Opposition to Motion to Transfer, Exh. 4 to
Plaintiffs' Opposition to Defendant's Motion to Transfer.  The
balance tips slightly in favor of this district, then, when
weighing the parties' choices of fora.

Defendant maintains that plaintiffs' claim arose in
Massachusetts where Ms. Blank's <i>in utero</i> exposure occurred.
Plaintiffs argue that their claim also arose in part from Eli
Lilly's lobbying efforts in the District of Columbia to obtain
FDA approval for DES.  This factor favors neither district.

Defendant has not shown that the convenience of the parties
and their witnesses favors transfer to Massachusetts.  There is
only one witness who lives in Massachusetts and that witness will
appear without subpoena at a mutually-convenient location.  At
least one of plaintiffs' expert witnesses is in this district.
No medical records of Ms. Blank's are in Massachusetts.  There
has been no showing that holding trial in the District of
Columbia would impede the parties' access to evidence.

Defendant has failed to show that the private factors weigh
in favor of transferring this case to Massachusetts.

III. <u>Public Factors</u>

The "interests of justice are best served by having a case
decided by the federal court in the state whose laws govern the

- 6 -

interests at stake." <u>Kafack v. Primerica Life Insurance Co.</u>, 934 F. Supp. 3, 8 (D.D.C. 1996). In this case, however, it has yet to be determined which state or district's law will govern the dispute. There is no evidence regarding the relative congestion of the district courts of the District of Columbia and Massachusetts, and neither the District of Columbia nor Massachusetts has a strong local interest in this controversy. Defendant has failed to show that the public factors favor transfer.

<u>CONCLUSION</u>

Defendant has failed to show that the convenience of the parties and the witnesses and the interests of justice favor transfer to Massachusetts. Accordingly, it is hereby

ORDERED that defendant's motion to transfer [7] be, and hereby is, DENIED.

SIGNED this 13th day of December, 2002.

RICHARD W. ROBERTS
United States District Judge

Appendix 6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SUZANNE R. ROBINSON et al.,    )
                             )
        Plaintiffs,       )
                             )
        v.               )     Civil Action No. 07-153 (RWR)
                             )
ELI LILLY AND COMPANY,     )
                             )
        Defendant.       )

## MEMORANDUM OPINION AND ORDER

In this case involving claims for negligence and product liability, among others, defendant Eli Lilly and Company ("Lilly") has moved to transfer the action to the United States District Court for the District of Massachusetts for the convenience of the parties and witnesses, in the interest of justice. Plaintiffs Suzanne and Joseph Robinson ("the Robinsons") oppose the transfer. Because Lilly has not demonstrated that the balance of private and public interests weighs in favor of transfer, the motion will be denied.

## BACKGROUND

The complaint alleges that Suzanne Robinson ("Suzanne") was exposed to diethylstilbestrol ("DES") in utero, resulting in "uterine and cervical malformations, miscarriage, infertility, inability to carry a child to term, . . . medical expenses for care and treatment, . . . physical and mental pain," deprivation of "the family she desired" (Compl. ¶ 4), and loss of consortium

-2-

for her husband, Joseph Robinson.  Lilly, an Indiana corporation, allegedly failed to adequately "test" DES, failed "to heed and report adverse studies regarding the safety and efficacy of DES," failed to "warn" of its dangers, and "over-promot[ed]" the drug which was an unreasonably dangerous and defective drug when used for its advertised and intended purpose.  (Id. ¶¶ 5, 7, 10.) According to the complaint, in order to obtain approval to market the drug, Lilly "met with and conspired with numerous pharmaceutical manufacturers" and "spear-headed industry-wide conferences . . . to seek approval of DES by Joint Submission, withholding from the Food and Drug Administration reports questioning the efficacy of DES and studies raising serious questions of safety.  These meetings, conferences and agreements occurred in the District of Columbia."  (Id. ¶ 2.)

Suzanne's mother lived in Massachusetts when she was pregnant with Suzanne.  She purchased and ingested the DES in Massachusetts and still lives there.  On pain of dismissal, the plaintiffs have guaranteed her availability at trial in the District of Columbia.  The physician who prescribed DES to Suzanne's mother is deceased.  Suzanne was born in Massachusetts and lived there a substantial part of her life.  Two of Suzanne's former gynecologists, Doctors Kenler and Villanueva, also reside in Massachusetts, but these doctors treated her before she was aware of her alleged DES-related injuries.

-3-

The Robinsons now live in Connecticut.  The two physicians who most recently have provided gynecological care and treatment to Suzanne and are most familiar with her injuries and symptoms, Doctors Sheets and Flaherty, reside in Connecticut.  The Connecticut doctors may be within the subpoena power of the district court in Massachusetts,[1] but the plaintiffs have guaranteed that the doctors will appear at trial in the District of Columbia.

The likely expert witnesses for the parties are dispersed across several states along the eastern seaboard and in Kansas. Medical records for Suzanne and her mother, and documents relating to Lilly's conduct in lobbying, promoting and seeking FDA approval for DES are also dispersed in multiple locations around the country.

## DISCUSSION

A court may transfer a case "for the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a). The moving party has the burden of persuasion, and must show that transfer is "'justified by particular circumstances that render the transferor forum inappropriate by reference to the considerations specified in that statute.'"  SEC v. Savoy Indus. Inc., 587 F.2d 1149, 1154 (D.C. Cir. 1978) (quoting Starnes v.

---

[1]  The parties dispute whether Dr. Sheets' office falls just within or just outside of the 100 mile subpoena reach of the United States District Court for the District of Massachusetts.

-4-

McGuire, 512 F.2d 918, 925 (1974)).  A court has broad discretion
to decide whether transfer from one jurisdiction to another is
warranted for the convenience of the parties and witnesses.  Id.

Any transfer under § 1404(a) is restricted to a venue where
the action "might have been brought."  See 28 U.S.C. § 1404(a).
After determining that venue in the proposed transferee district
would be proper, a court then "must weigh in the balance the
convenience of the witnesses and those public-interest factors of
systemic integrity and fairness that, in addition to [the]
private concerns [of the parties], come under the heading of 'the
interest of justice.'"  Stewart Org. Inc. v. Ricoh Corp., 487
U.S. 22, 30 (1988).  Because "it is perhaps impossible to develop
any fixed general rules on when cases should be transferred[,]
. . . the proper technique to be employed is a factually
analytical, case-by-case determination of convenience and
fairness."  Savoy Indus., 587 F.2d at 1154  (internal quotation
marks and citations omitted).  Private interest factors to
consider typically include things such as each party's choice of
forum, where the claim arose, the convenience of the parties, the
convenience of the witnesses, particularly if important witnesses
may actually be unavailable to give live testimony in one of the
trial districts, and the availability and ease of access to
sources of proof.  Montgomery v. STG Int'l, Inc., Civil Action
No. 07-1240 (RWR), 2008 WL 25012, at *2 & n.5 (D.D.C. Jan. 30,

-5-

2008). Public interest factors may include the local interest in
making local decisions about local controversies, the potential
transferee court's familiarity with the applicable law, and the
congestion of the transferee court compared to that of the
transferor court. <u>Akiachak Native Community v. Dep't of the
Interior</u>, 502 F. Supp. 2d 64, 67 (D.D.C. 2007).

I.   VENUE IN MASSACHUSETTS

There is no dispute that this diversity jurisdiction action
could have been brought in the District of Massachusetts. <u>See</u> 28
U.S.C. § 1391(a)(1) and (2) (venue may lie where the sole
defendant resides, or where "a substantial part of the events or
omissions giving rise to the claim occurred"); <u>see also</u> 28 U.S.C.
1391(c) (defining residency for purposes of venue).

II.   PRIVATE FACTORS

A plaintiff's choice of forum, generally accorded
substantial weight, is due less deference when it is not the
plaintiff's home forum. <u>Friends for All Children, Inc. v.
Lockheed Aircraft Corp.</u>, 717 F.2d 602, 605 n.5 (D.C. Cir. 1983)
(noting that deference to the plaintiff's choice is diminished
when it is not the home forum) (quoting <u>Piper Aircraft Co. v.
Reyno</u>, 454 U.S. 235, 255-56 (1981)). The District of Columbia is
not the Robinsons' home forum, and their choice is thus not
entitled to overriding deference.

-6-

The weight given a plaintiff's choice is further diminished
if the chosen forum has "no meaningful ties to the controversy
and no particular interest in the parties or subject matter."
Nat'l Wildlife Federation v. Harvey, 437 F. Supp. 2d 42, 46
(D.D.C. 2006) (internal quotation marks and citation omitted).
Lilly contends that the District of Columbia has "absolutely no
connection" to the controversy.  (Mot. at 1.)  The Robinsons
counter that the District of Columbia is the location of the
defendant's tortious conduct that led to government approval of
DES and eventually to Suzanne's injuries.  (Opp'n at 10.)  Thus,
the Robinsons' allegations involve nearly as much connection to
this forum as they do to the District of Massachusetts.
Accordingly, the Robinsons' choice of forum is due some
deference, although not as much as it would be due if this forum
were also their home forum.

Lilly maintains that the Robinsons' claims arose in
Massachusetts where Suzanne's in utero exposure occurred.  The
Robinsons argue that their claims arose in part from Lilly's
tortious lobbying efforts in the Dsitrict of Columbia to obtain
FDA approval for DES.  This factor favors neither district.

Lilly has not shown that the convenience of the parties
favors transfer to Massachusetts.  The Robinsons selected this
forum, and Lilly has neither articulated nor demonstrated

-7-

hardship for it as a corporate party to have to travel to this
district for these proceedings.

In this case, there is no single forum convenient to all or
a majority of identified or critical witnesses.  Potential key
fact and expert witnesses reside in several states along the East
Coast from Massachusetts to Florida, and elsewhere.  On pain of
default, the Robinsons have guaranteed the appearance of critical
witnesses for the plaintiffs who may be beyond the subpoena power
of this court.  By contrast, Lilly has presented no evidence that
any lay or expert witnesses will refuse to appear in this
district for trial or cannot have their testimony preserved by
videotaped deposition.  Thus, the availability of, or ease of
access to, sources of testimonial proof is no better in the
District of Massachusetts than it is here.  There is no claim
that any of the experts' availability hinges on the forum chosen.
There is no indication that any relevant medical records or other
documents have not already been produced or made available to the
parties, or that documents will be more readily available if the
case is transferred.  In sum, Lilly has not made a convincing
case that this forum is inappropriate or that the District of
Massachusetts will be, on balance, a more convenient forum even
for the witnesses who are beyond the subpoena power of either
district.  See Savoy Indus., 587 F.2d at 1154 (stating that

-8-

movant must show that the transferor forum is "inappropriate by reference to the considerations specified" in § 1404(a)).

III. PUBLIC FACTORS

Lilly, asserting that Massachusetts substantive law will govern the claims, argues that because a federal court in Massachusetts is likely to have more familiarity with the law to be applied, this factor weighs in favor of transfer. The Robinsons maintain that it is not clear which jurisdiction's substantive law will apply.

Whether the case is transferred or not, the District of Columbia's choice of law rules will apply. <u>Klaxon Co. v. Stentor Elec. Mfg. Co.</u>, 313 U.S. 487, 496-97 (1941) (holding that a federal court exercising diversity jurisdiction must follow the choice of law rules of the forum state); <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 639 (1964) (holding that a transferee court must apply the state law that would have been applied if there had been no change of venue). As the District of Columbia's highest court has explained that

> [i]n determining which jurisdiction's law to apply in a
> tort case, we use the "governmental interests"
> analysis, under which we evaluate the governmental
> policies underlying the applicable laws and determine
> which jurisdiction's policy would be more advanced by
> the application of its law to the facts of the case
> under review. As part of this analysis we also
> consider the four factors enumerated in the Restatement
> (Second) of Conflict of Laws § 145 [1971]: (a) the
> place where the injury occurred; (b) the place where
> the conduct causing the injury occurred; (c) the
> domicile, residence, nationality, place of

Case 1:07-cv-00183-RWH-DAR Document 20 Filed 02/26/2008 Page 9 of 12

-9-

incorporation and place of business of the parties; and
(d) the place where the relationship is centered. . . .
When both jurisdictions have an interest in applying
their own laws to the facts of the case, the forum law
will be applied unless the foreign jurisdiction has a
greater interest in the controversy.

Drs. Groover, Christie & Merritt v. Burke, 917 A.2d 1110, 1117

(D.C. 2007) (quotation marks, brackets in the original, and

citations omitted). In the District of Columbia, when "the

location of the injury may be described as 'fortuitous,'" the

place where the injury occurred does not compel the outcome in

the choice of law. Kaiser-Georgetown Cmty. Health Plan, Inc., v.

Stutsman, 491 A.2d 502, 508 (D.C. 1985). See also Restatement

(Second) Choice of Laws § 145 cmt on subsec. (2) (noting

situations where the place of injury will not be key to the

selection of the applicable law, such as when "the place of

injury can be said to be fortuitous or when . . . it bears little

relation to the occurrence and the parties with respect to the

particular issue," when it is a "case of fraud and

misrepresentation," where "there may be little reason in logic or

persuasiveness to say that one state rather than another is the

place of injury," or when "the defendant had little, or no,

reason to foresee that his act would result in injury in the

particular state").

The theory of the torts alleged here places the injury in

Massachusetts, but the tortious conduct in the District of

Columbia and perhaps also at Lilly's headquarters in Indiana.

-10-

While it is possible that Massachusetts substantive law will
apply, it is as likely at this stage that District of Columbia
substantive law will apply given the plaintiffs' theory of
tortious conduct occurring in this jurisdiction.  On the facts
alleged here, Lilly has not shown that it is more likely than not
that the transferee forum would have more familiarity with the
applicable law.

Local interest in deciding local controversies is a factor a
court may take into consideration in making a transfer
determination.  Lilly has assumed that the place of injury
defines the local interest, and argues that Massachusetts, but
not the District of Columbia, has an interest in this
controversy.  The Robinsons, citing Ingram v. Eli Lilly & Co.,
251 F. Supp. 2d 1, 6 (D.D.C. 1996), argue that there is nothing
uniquely local about DES cases sufficient to return a DES case to
the district where the DES was ingested.  The particular facts of
the tort alleged prevent interest in this controversy from being
local or centered in just one district.  Taking the allegations
here at face value, Massachusetts' interest in this controversy
was arguably at it greatest more than 40 years ago, at the time a
baby female was born with uterine and cervical abnormalities that
would prevent her from ever bearing a child.  Even at that point,
however, either the District of Columbia, where the alleged
conspiracy to over-promote and conceal adverse studies occurred,

-11-

or Indiana, the site of Lilly's headquarters, may have had an equally strong interest in this case. Now, even Connecticut has an arguable interest, given that the alleged tort victims reside there. Lilly has not shown that this forum is an inappropriate choice compared to the District of Massachusetts with respect to the local interest in this case.

Neither party has addressed the relative docket congestion of the respective fora, leaving this factor favoring neither district.[2]

CONCLUSION AND ORDER

The Robinsons' chosen forum is not their home, but one in which significant portions of the alleged tortious conduct occurred. Their forum choice is entitled to some, albeit not overriding, deference. Lilly has not demonstrated, in light of the particular facts alleged, that this forum is inappropriate for the convenience of the parties and witnesses, or that the balance of private and public interests warrants transferring this case to the District of Massachusetts. Accordingly, it is hereby

---

[2]   Both parties mentioned the experience and expertise of Magistrate Judge Alan Kay of this district in mediating and settling DES cases. This factor would not weigh in favor of transferring this case to the District of Massachusetts.

-12-

ORDERED that Lilly's motion [16] to transfer venue to the United States District Court for the District of Massachusetts be, and hereby is, DENIED.

SIGNED this 26th day of February, 2008.

<u>     /s/                </u>
RICHARD W. ROBERTS
United States District Judge

Appendix 7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARRIE DIMANCHE and
STEVE DIMANCHE,

Plaintiffs,

v.

ELI LILLY AND COMPANY,

Defendant.

Civil Action No.  03-0236 (JDB)

ORDER

Carrie and Steve Dimanche ("plaintiffs") filed this action in the Superior Court for

the District of Columbia seeking compensatory and punitive relief for injuries associated with

Mrs. Dimanche's alleged in utero exposure to diethylstilbestrol ("DES").  Eli Lilly and Company

("defendant") removed the case to this Court on February 13, 2003.  After discovery had begun,

defendant moved to transfer the case to the District of Massachusetts, where plaintiffs reside, or

alternatively, to the District of Connecticut, where the events giving rise to their injuries allegedly

occurred.  Following eight other judges of this Court who have denied similar motions in DES

cases against defendant, the Court denies defendant's motion to transfer.

Pursuant to 28 U.S.C. § 1404(a), "for the convenience of the parties and witnesses,

in the interest of justice, a district court may transfer any civil action to any other district or

division where it might have been brought."  A party seeking a transfer must show that the

"balance of convenience of the parties and witnesses and the interest of justice are in [its] favor."

Armco Steel Co. v. CSX Corp., 790 F. Supp. 311, 323 (D.D.C. 1991) (quoting Consol. Metal

-1-

Prods., Inc. v. Am. Petroleum Inst., 569 F. Supp. 773, 774 (D.D.C. 1983)). Factors to be considered in determining whether to grant a motion to transfer include ease of access to sources of proof, the availability of compulsory process to compel the attendance of unwilling witnesses, the amount of expense for willing witnesses, and other practical aspects of expeditiously and conveniently conducting a trial. See SEC v. Page Airways, 464 F. Supp. 461, 463 (D.D.C. 1978). Furthermore, district courts have a "local interest in deciding local controversies at home." Trout Unlimited v. Dep't of Agric., 944 F. Supp. 13, 16 (D.D.C. 1996). If the particular controversy has meaningful ties to the plaintiff's chosen forum and the plaintiff is a resident of that forum, the plaintiff's choice is given substantial deference, see Wilderness Soc'y v. Babbit, 104 F. Supp. 2d 10, 12-13 (D.D.C. 2000), and the moving party "bear[s] a heavy burden of establishing that plaintiffs' choice of forum is inappropriate." Pain v. United Tech. Corp., 637 F.2d 775, 784 (D.C. Cir. 1980). But where the lawsuit has no factual nexus with the chosen forum, the plaintiff's election may be accorded less weight. See Piper Aircraft v. Reyno, 454 U.S. 235, 255-56 (1981); Trout Unlimited, 944 F. Supp. at 17; Boers v. United States, 133 F. Supp. 2d 64, 65 (D.D.C. 2001).

Here, even if plaintiffs' choice of forum is shown little deference, defendant has failed to demonstrate that the convenience of the parties and witnesses and the interest of justice would be served by a transfer of venue. Plaintiffs' chosen forum is, indeed, neither their home jurisdiction nor the site of the principal events giving rise to their claims. But plaintiffs submit that their claims have a factual nexus to the District of Columbia in that defendant has engaged in lobbying and other efforts to promote DES here. Additionally, while the substantive law of Connecticut will govern this case, plaintiffs note that the case is likely to pose issues of District of

Columbia procedural law. And although many of the fact witnesses reside in Massachusetts or Connecticut, defendant does not dispute that the expert witnesses in this case hail from New Jersey, Alabama, Maryland, Texas, Arkansas, and Pennsylvania. Defendant's motion would be more compelling if the anticipated witnesses were more geographically clustered around the proposed alternative venues. Finally, any concerns about the availability of compulsory process in this jurisdiction are mitigated by the fact that plaintiffs and defendant both have counsel in the District of Columbia experienced in handling this type of litigation, and that those counsel have cooperated in numerous other DES cases here with respect to making witnesses and documents readily available.

Thus, upon consideration of defendant's motion to transfer and plaintiffs' opposition thereto, and having assessed the convenience of the parties and witnesses as well as the interest of justice, it is hereby

ORDERED that defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a) is DENIED.

_____/s/_____
JOHN D. BATES
United States District Judge

Signed this 17<u>th</u> day of October, 2003.

-3-

Copies to:

**Aaron M. Levine**
AARON M. LEVINE & ASSOCIATES, P.A.
1320 19th Street, NW
Suite 500
Washington, DC 20036
(202) 833-8040
(202) 833-8046
aaronlevinelaw@aol.com

**Lawrence Hedrick Martin**
FOLEY HOAG LLP
1747 Pennsylvania Avenue, NW
Suite 1200
Washington, DC 20006
(202) 223-1200
(202) 785-6687
lmartin@foleyhoag.com

-4-

Appendix 8

CASREF, JURY, TYPE-B

## U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:06-cv-02043-RMU-AK

MAHONEY et al v. ELI LILLY AND COMPANY et al
Assigned to: Judge Ricardo M. Urbina
Referred to: Magistrate Judge Alan Kay
          Magistrate Judge Alan Kay (Settlement)
Demand: $2,000,000
Case in other court: Superior Court for the District of
          Columbia, 06-0007935
Cause: 28:1332 Diversity-Product Liability

Date Filed: 11/30/2006
Jury Demand: Plaintiff
Nature of Suit: 365 Personal Inj. Prod.
Liability
Jurisdiction: Diversity

| Date Filed | # | Docket Text |
|---|---|---|
| 01/23/2008 | | MINUTE ORDER rescheduling mediation from 4/08/08 to 4/11/08, at 2:30 p.m. in chambers. Signed by Magistrate Judge Alan Kay on 01/23/08. (DM) (Entered: 01/23/2008) |
| 01/23/2008 | | Set/Reset Hearings : Settlement Conference reset for 4/11/08 at 2:30 PM in Chambers before Magistrate Judge Alan Kay. (kk) (Entered: 01/23/2008) |
| 01/23/2008 | 25 | RULE 26a2 STATEMENT. (Leech, Sidney) (Entered: 01/23/2008) |
| 01/24/2008 | 26 | RULE 26a2 STATEMENT. (Bustraan, Kathleen) (Entered: 01/24/2008) |
| 01/24/2008 | 27 | RULE 26a2 STATEMENT. (Heard, F.) (Entered: 01/24/2008) |
| 01/25/2008 | 28 | RULE 26a2 STATEMENT. (Ewert, Elizabeth) (Entered: 01/25/2008) |
| 03/10/2008 | 29 | STIPULATION of Dismissal *of Alicia and Richard Benting* by PREMO PHARMACEUTICAL LABORATORIES INC. (Keast, Sarah) (Entered: 03/10/2008) |
| 03/11/2008 | | MINUTE ORDER cancelling mediation set for April 11, 2008, per the request of counsel. Signed by Magistrate Judge Alan Kay on 03/11/08. (DM) (Entered: 03/11/2008) |
| 03/14/2008 | 30 | MOTION to Transfer Case *to the District of Massachusetts* by ELI LILLY AND COMPANY (Attachments: # 1 Memo in Support, # 2 Affidavit of Lynn M. Zuchowski, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Text of Proposed Order)(Dillon, James) (Entered: 03/14/2008) |
| 03/14/2008 | 31 | MOTION to Suspend Case Deadlines Pending Resolution of Motion to Transfer re 30 MOTION to Transfer Case *to the District of Massachusetts* by ELI LILLY AND COMPANY (Attachments: # 1 Text of Proposed Order)(Dillon, James) (Entered: 03/14/2008) |

| 03/18/2008 | 32 | Memorandum in opposition to re 31 MOTION to Suspend Case Deadlines Pending Resolution of Motion to Transfer re 30 MOTION to Transfer Case *to the District of Massachusetts of Defendant Eli Lilly and Company* filed by ELIZABETH ANNE MAHONEY, ALICIA BENTING, RICHARD BENTING. (Attachments: # 1 Text of Proposed Order Denying Defendant Eli Lilly and Company's Motion to Suspend Case Deadlines)(Levine, Aaron) (Entered: 03/18/2008) |
| --- | --- | --- |
| 03/20/2008 | 33 | Memorandum in opposition to re 30 MOTION to Transfer Case *to the District of Massachusetts* filed by ELIZABETH ANNE MAHONEY, ALICIA BENTING, RICHARD BENTING. (Attachments: # 1 Affidavit Authenticating Documents, # 2 Appendix No. 1, # 3 Appendix No. 2, # 4 Appendix No. 3, # 5 Appendix No. 4, # 6 Appendix No. 5, # 7 Appendix No. 6, # 8 Appendix No. 7, # 9 Appendix No. 8, # 10 Appendix No. 9, # 11 Appendix No. 10, # 12 Appendix No. 11, # 13 Appendix No. 12, # 14 Text of Proposed Order Denying Defendant Eli Lilly and Company's Motion to Transfer)(Levine, Aaron) (Entered: 03/20/2008) |
| 03/27/2008 | 34 | REPLY to opposition to motion re 30 MOTION to Transfer Case *to the District of Massachusetts* filed by ELI LILLY AND COMPANY. (Attachments: # 1 Affidavit of Lynn M. Zuchowski, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12)(Dillon, James) (Entered: 03/27/2008) |
| 03/28/2008 | 35 | Consent MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Lynn M. Zuchowski, :Firm- Foley Hoag LLP, :Address- 155 Seaport Boulevard, Boston, MA 02210. Phone No. - 617-832-1000. Fax No. - 617-832-7000 by ELI LILLY AND COMPANY (Attachments: # 1 Affidavit of Lynn M. Zuchowski, # 2 Text of Proposed Order)(Dillon, James) (Entered: 03/28/2008) |
| 03/31/2008 | | MINUTE ORDER granting 35 Motion for Leave to Allow Lynn M. Zuchowski to Appear Pro Hac Vice. Signed by Judge Ricardo M. Urbina on 3/31/08. (lcrmu1, ) (Entered: 03/31/2008) |
| 03/31/2008 | | Minute Entry for proceedings held before Judge Ricardo M. Urbina: The Court denies both, Motion to transfer case to the District of Massachusetts and Motion to Suspend Case Deadlines Pending Resolution of Motion to Transfer. Parties are to schedule a mediation hearing with Magistrate Judge Kay for April 8, 2008 or before. Discovery due by 4/24/2008. Dispositive Motions due by 5/23/2008. Response to Dispositive Motions due by 6/21/2008. Reply to Dispositive Motions due by 7/24/2008. An Interim Status Conference is scheduled for 9/4/2008 at 10:30 A.M. in Courtroom 30, Annex Building, Sixth Floor, before Judge Ricardo M. Urbina. (Court Reporter Wendy Ricard.) (jwd/tg ) (Entered: 03/31/2008) |
| 04/01/2008 | | MINUTE ORDER setting the mediation for April 16, 2008, at 3;00 p.m., in chambers (room 2333.) Signed by Magistrate Judge Alan Kay on 04/01/08. (DM) (Entered: 04/01/2008) |
| 04/01/2008 | | Set/Reset Hearings : Settlement Conference set for 4/16/08 at 3:00 PM in Chambers before Magistrate Judge Alan Kay. (kk) (Entered: 04/01/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/14/2008 15:28:48 | | | |
| **PACER Login:** | al0390 | **Client Code:** | MACMUNN |
| **Description:** | Docket Report | **Search Criteria:** | 1:06-cv-02043-RMU-AK Start date: 1/1/2008 |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

Appendix 9

January 30, 1941

Mr. Eli Lilly
Mr. Rhodehenel
Mr. Ratter
Mr. D. R. Miller
Dr. Rice
Mr. R. W. Wheeler
Mr. W. J. Rice
Research File

TRIP REPORT

Meeting of Representatives of a Group of

Drug Manufacturers Interested in Stilbestrol

Hotel Washington, Washington, D. C.

January 28, 1941

This meeting was called by Mr. Carson P. Frailey, Executive Vice
President of the A. D. M. A. as a consequence of the meeting of
various representatives with Dr. James J. Durrett and Mr. W. J.
Campbell of the Federal Food and Drug Administration in Washing-
ton on December 30, 1940.  The purpose of the present meeting was
to resurvey the available scientific evidence regarding Stilbestrol
and to decide what procedure would quickest and most effectively
satisfy the Food and Drug Administration with regard to Stilbes-
trol.  The companies represented were:

| | |
|---|---|
| Eli Lilly and Company | Dr. D. C. Hines |
| E. E. Squibb and Sons | Dr. J. A. Herrell |
| | Dr. Church |
| Finthrop Chemical Company | Dr. F. J. Stockman |
| | Dr. J. B. Rice |
| Herck & Co., Inc. | Dr. J. H. Carlicle |
| Abbott Laboratories | Mr. Edgar B. Carter |
| The Upjohn Company | Dr. R. Clifford Upjohn |
| Sharp & Dohns, Inc. | Dr. W. A. Foirer |
| John Wyoth & Brother, Inc. | Mr. Ambrose Haasberger, Jr. |
| Charles E. Froust & Co. | Dr. E. Losinski |
| Ayoret, McKenna & Barrison, Ltd. | Mr. Hutchinson |
| A. D. M. A. | Mr. Carson P. Frailey |

- 2 -

Dr. E. A. Sharp of Parke, Davis and Company, and Mr. W. D. O'Connell of George A. Broon and Company, Inc., were reported to have desired to come but found themselves unable.

The preliminary discussion was concerned with the attitude of the Administration, and it was the consensus of opinion emphasized particularly by Mr. Frailey and Dr. Stockman that the Administration was extremely desirous of receiving the scientific evidence on competitive items such as Stilbestrol in the form of a joint master application containing the scientific evidence from all of the interested companies. Dr. Stockman pointed out that this procedure in the case of sulfathiasole had proven very satisfactory from the point of view of the Administration and the firms involved.

When comments made by Dr. Durrett and Mr. Campbell individually to various of the persons present were repeated and compared, it became evident that in the case of Stilbestrol the Administration will insist on extremely detailed case reports and that most of the articles which have so far been published are inadequate in this respect. The consensus of opinion was that Stilbestrol will not be approved until: 1) statements are furnished from the leading "experts" in the country opining the safety of Stilbestrol and advocating its release; and 2) sufficiently detailed case reports and laboratory studies are submitted to provide an obvious basis for the opinions.

It was agreed that sufficient experimental work had already been done, that most clinicians were favorable, and that the question was largely one of obtaining the opinions and case reports in the proper form. Certain clinicians in New York City seem to be the only ones opposing the release of Stilbestrol at the present time and it was felt that if the evidence furnished by other clinicians could all be presented to them they might alter their stands. Dr. Stockman and Dr. Rice reported some success in this direction already in the case of Dr. Ephraim Shorr.

It was also reported that Dr. Durrett had stated emphatically that the approval of one application would      the approval of all those on file providing that each applicant could show the identity of his product with that approved. All the representatives were willing and anxious to follow the plan of filing a joint application with two exceptions. The representatives of Squibb could promise only that they would pool the data obtained since the last filing of their application. The matter of pooling information obtained previously was subject to the approval of Dr. John Anderson. I was not in a position to assure the group of our cooperation and stated so frankly. It was agreed that none of those joining the group for joint filing would file an application previous to the filing of the joint application.

I was chosen temporary chairman of the meeting and despite my pointing

- 3 -

out my possible inability to serve further was made permanent
chairman of the meeting and of the committee which was there ap-
pointed for the purpose of actually getting together the material
for submission. Other members of this committee were Dr. J. A.
Herrell of R. R. Squibb and Sons, Dr. J. B. Rice of Winthrop Chem-
ical Company, and Dr. E. Clifford Upjohn, of The Upjohn Company.
Squibb and Winthrop are apparently extremely anxious to get Stil-
bestrol on the market, so that I feel certain there will be no
dilatory tactics within this committee.

Following the meeting, the small committee met and outlined a
detailed program for gathering the necessary information. This
was expected to involve personal contact with each of twenty-four
men and groups in Boston, New York City, Philadelphia, Baltimore,
Chicago, Madison, St. Louis, and Rochester, Minnesota, the cities
mentioned by Dr. Durrett as containing the key men. It was planned
that the preliminary data would be submitted to me by March 1.

Appendix 10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BARRY McCLAMROCK.                    )
            Plaintiff,            )        Case No. 1:02CV02383
                     )
       v.                           )
                     )
ELI LILLY AND COMPANY                )
           Defendant.            )

**DEFENDANT ELI LILLY AND COMPANY'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF ITS MOTION PURSUANT TO 28 U.S.C. §1404(a) TO
TRANSFER TO THE MIDDLE DISTRICT OF NORTH CAROLINA**

I.         **INTRODUCTION**

       Plaintiff. a citizen of Concord. North Carolina, has filed this civil action against

Eli Lilly and Company ("Lilly") in the United States District Court for the District of Columbia.

seeking to recover monetary damages for alleged personal injuries he claims were caused by

Zyprexa®, a prescription anti-psychotic medication manufactured by Lilly.  Lilly moves

pursuant to 28 U.S.C. § 1404(a) to transfer this action from the District of Columbia to the

United States District Court for the Middle District of North Carolina, Salisbury Division.

       Neither the events giving rise to this action. nor any of the witnesses or evidence

necessary to resolve it. relate to Washington, D.C.  Plaintiff was prescribed. purchased and

ingested Zyprexa® in North Carolina, was injured in his home state, and received all medical

treatment for his alleged injuries there.  The Lilly personnel most knowledgeable about. and most

of the Lilly documents relevant to. the research. design. development, labeling. manufacturing

and marketing of Zyprexa® pertinent to plaintiff's allegations are located at its principal place of

Ingram, 2003 WL 256729, at *2-3; see also Airport Working Group of Orange County, Inc. v. U.S Dept. of Defense, 226 F. Supp.2d 227, 229 (D.D.C. 2002) (quoting Stewart Organization v. Ricoh Corp., 487 U.S. 22, 29-30, 108 S. Ct. 2239, 101 L.Ed. 2d 22 (1988)) (once it is shown that venue in the proposed transferee forum is proper, section 1404(a) "'place[s] discretion in the district courts to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness . . . [and] calls on the [] court to weigh in the balance a number of case-specific factors' relating to both the private interests of the parties and the interests of the public").

## A.    The Private Interests: The Convenience of the Parties and Witnesses Weighs Heavily In Favor of Transfer to the Middle District of North Carolina

In Ingram, this Court found that the private interests factors weighed against transfer for reasons not present here. Id., 2003 WL 256729, at *3. Ingram involved the drug DES as to which there had been a considerable history of litigation and settlements in the District of Columbia, as well as a statute of limitations dispute. Id., 2003 WL 256729, at *3, 5 n.2. In the present action, there is no history of Zyprexa® litigation in the District of Columbia nor is there any issue as to the statute of limitations. In Ingram, moreover, there was no allegation, as here, that any witness would be unavailable for trial in the District of Columbia.[5] Id., 2003 WL 256729, at *3.

In the Middle District of North Carolina, plaintiff will be permitted to bring suit in his own backyard while bringing each of the parties and the tranferee court itself closer to the

---

[5] As the parties have not exchanged initial disclosures or initial requests for written discovery or documents, Lilly has not yet identified the universe of potential non-party of witnesses with knowledge of the events giving rise to plaintiff's claims, or determined which of those potential witnesses are most relevant to plaintiff's claims and Lilly's defenses. While it is known that most, if not all, of the potential non-party witnesses reside in North Carolina, it is not possible to know at this time whether these witnesses will be available or appear voluntarily for trial in the District of Columbia.

# Appendix 11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LORI ANN FASTINO,

Plaintiff,

v.

ELI LILLY AND COMPANY,

Defendant.

Civil Action 02-02210  (HHK)

## MEMORANDUM OPINION AND ORDER

Plaintiff, Lori Ann Fastino ("Fastino"), brings this diversity action for damages arising from her alleged exposure *in utero* to diethylstilbestrol ("DES").  Presently before this court is defendant Eli Lilly and Company's ("Eli Lilly") motion to transfer this case to the District of Massachusetts [#6].  Upon consideration of defendant's motion, the opposition thereto, and the record of this case, the court concludes that defendant's motion to transfer must be denied.

## I. BACKGROUND INFORMATION

Fastino is a resident of Rhode Island.  Eli Lilly is an Indiana pharmaceutical corporation which manufactured, marketed, and sold DES throughout the United States.  Fastino alleges that sometime between 1967 and 1968, her mother ingested DES while she was pregnant with Fastino pursuant to her physician's prescription.  Fastino alleges that as a result of her mother's use of DES during pregnancy, she has suffered physical injuries including reproductive malfunction and infertility.

## II. ANALYSIS

**A.    Legal Standard for Motion to Transfer**

Eli Lilly has moved to transfer this case to Massachusetts pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The moving defendant "bears the burden of demonstrating that transfer pursuant to Section 1404(a) is warranted." *Gemological Inst. of Am., Inc. v. Thi-Dai Phan*, 145 F. Supp. 2d 68, 71 (D.D.C. 2001). Section 1404(a) grants district courts broad discretion to transfer cases, but they must "adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The court must first determine whether the action could have been brought originally in the District of Massachusetts. The court must consider whether venue and personal jurisdiction are proper in the transferee district. *Lamont v. Haig*, 590 F.2d 1124, 1131 n.45 (D.C. Cir. 1978); *see Relf v. Gasch*, 511 F.2d 804, 806-07 (D.C. Cir. 1975). Once a court makes this determination, it must then "balance a number of case-specific factors which include the private interests of the parties as well as public interests such as efficiency and fairness." *Wilderness Soc'y v. Babbitt*, 104 F. Supp. 2d 10, 12 (D.D.C. 2000). The private interest factors include: (1) the plaintiff's choice of forum, (2) the defendant's choice of forum, (3) whether the claim arose elsewhere, (4) the convenience of the parties, (5) the convenience of the witnesses, but only to the extent that the witnesses may be unavailable for trial in one of the districts, and (6) the ease of access to sources of proof. *Id.* The public interest factors include: (1) the transferee district's

2

familiarity with the governing law, (2) the relative congestion of both the transferor and transferee courts, and (3) the local interest in deciding local controversies at home. *Id.*

**B.    Jurisdiction and Venue in the District of Massachusetts**

**1.    Subject Matter Jurisdiction**

The District of Massachusetts has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship. Fastino is a resident of Rhode Island; Eli Lilly is incorporated and has its principal place of business in Indiana. Eli Lilly does not contest the amount in controversy requirement at this time. Thus, the District of Massachusetts would have subject matter jurisdiction.

**2.    Personal Jurisdiction**

A federal court in Massachusetts would be able to assert personal jurisdiction over Eli Lilly based on Fastino's allegations that the company sold DES to Fastino's mother in Massachusetts. The Massachusetts long-arm statute extends to torts allegedly committed in Massachusetts. *See* MASS. GEN. LAWS ch. 223A, § 3.

**3.    Venue**

"A civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought . . . in . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(a)(2). Fastino alleges that her *in utero* exposure to DES occurred during her mother's pregnancy in Massachusetts.

Because subject matter jurisdiction, personal jurisdiction, and venue would be proper in the District of Massachusetts, this case is one which might have been brought there.

3

## C.    Private Interest Factors

The court now turns to the private interest factors.  Typically, the plaintiff's choice of forum is given considerable weight, but it is entitled to "substantially less deference when the forum preferred by the plaintiff is not his home forum." *Boers v. United States,* 133 F. Supp. 2d 64, 65 (D.D.C. 2001) (citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255-56 (1981)). Because Fastino is not a resident of the District of Columbia, the  court gives less deference to her choice of forum.  Eli Lilly's choice of another forum, however, is undermined by the fact that Eli Lilly previously chose the District of Columbia as the forum for its own litigation against its insurers regarding coverage for DES claims and opposed the insurers' motion to transfer the case to another forum. *See Eli Lilly & Co. v. Home Ins. Co.,* 794 F.2d 710 (D.C. Cir. 1986); Ex. 2 to Pl.'s Opp'n.  The balance tips slightly in favor of this district, then, when weighing the parties' choices of fora.

Eli Lilly maintains that Fastino's claim arose in Massachusetts where her *in utero* exposure occurred.  This factor favors the District of Massachusetts.

Eli Lilly has not shown that the convenience of the parties and their witnesses favors transfer to Massachusetts.  Eli Lilly argues that the relevant treating physicians and pharmacists of Fastino and her mother during the pregnancy, as well as relevant medical records, are in Massachusetts.  Fastino represents, however, that Fastino's mother and her treating physician are both deceased, and that medical records and witnesses will be voluntarily produced in the District of Columbia without need for subpoena.  Fastino's expert witnesses are located in Maryland, Texas, Pennsylvania, and Alabama; Eli Lilly's experts are located in Alabama, Maryland, and

New Jersey. There has been no showing that holding trial in the District of Columbia would impede the parties' access to evidence.

The court concludes that Eli Lilly has failed to show that the private factors weigh in favor of transferring this case to Massachusetts.

**D.    Public Factors**

The court now turns to the public interest factors. The "interests of justice are best served by having a case decided by the federal court in the state whose laws govern the interests at stake." *Kafack v. Primerica Life Ins. Co.*, 934 F. Supp. 3, 8 (D.D.C. 1996). In this case, Massachusetts product liability law would govern the dispute. There is no evidence regarding the relative congestion of the district courts of the District of Columbia and Massachusetts. Massachusetts has an interest in determining this controversy because the alleged tort occurred in Massachusetts. The District of Columbia also has an interest in the controversy because it is where Eli Lilly's lobbying efforts to gain approval of DES and the original industry-wide promotion of DES occurred. *See* Ex. 3 to Pl.'s Opp'n. In addition, substantial litigation concerning DES has occurred in this district in the past. *See, e.g., Shields v. Eli Lilly & Co.*, 895 F.2d 1463 (D.C. Cir. 1990); *Tidler v. Eli Lilly & Co.*, 851 F.2d 418 (D.C. Cir. 1988); *Eli Lilly & Co. v. Home Ins. Co.*, 794 F.2d 710 (D.C. Cir. 1986). Therefore, the court concludes that Eli Lilly has failed to show that the public factors favor transfer.

### III. CONCLUSION

Although this action could have been brought in the District of Massachusetts, the convenience of the parties and the witnesses and the interests of justice do not favor transfer to Massachusetts. Therefore, this court concludes that defendant's motion to transfer must be DENIED.

### ORDER

Accordingly, it is this 8th day of October, 2003, hereby:

**ORDERED**, that defendant's motion to transfer [#6] is **DENIED**.


Henry H. Kennedy, Jr.
United States District Judge

6

# Appendix 12

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELIZABETH ANN MAHONEY, and
ALICIA BENTING, and
RICHARD BENTING,

                        Plaintiffs,                        Civil Action No. 06-CV-02043 (RMU)

            v.

ELI LILLY AND COMPANY *et al.*,

                        Defendants.

## MEMORANDUM IN SUPPORT OF ELI LILLY AND COMPANY'S MOTION TO TRANSFER TO THE DISTRICT OF MASSACHUSETTS

Defendant Eli Lilly and Company ("Lilly") submits this Memorandum in Support of its

Motion to Transfer pursuant to 28 U.S.C. § 1404(a). Lilly's motion is based on the facts that the

District of Massachusetts is a more convenient forum for key witnesses than the District of

Columbia, this action could have originally been brought in the District of Massachusetts, and

transfer out of a district with no connection to the Plaintiffs' claims is in the best interests of

justice. *See* 28 U.S.C. § 1404(a) (permitting transfer to a district or division where the case

could have been brought in the first instance); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253

(1981) (district court enjoys wide discretion in deciding whether to transfer an action to a more

convenient forum).

Written discovery and the fact depositions recently completed to date have confirmed that

transfer to the District of Massachusetts is appropriate because (1) all of the plaintiffs currently

reside in Massachusetts, (2) Elizabeth Mahoney and Alicia Benting were born in Massachusetts,

(3) the drug at issue in this case -- diethylstilbestrol ("DES") -- was allegedly prescribed,

B3475771.2

Support of Eli Lilly and Company's Motion to Transfer to the District of Massachusetts

("Zuchowski Aff") as Exhibits 1 and 2 respectively.

All of the witnesses who still need to be deposed or who may be deposed and who may

be called to testify at trial are located in Massachusetts. The plaintiffs reside in Massachusetts,

the pharmacies where the prescription at issue in this case were allegedly dispensed were in

Massachusetts, all of the physicians who treated the plaintiffs' claimed injuries practice in

Massachusetts: Dr. Donna Holden practices at the North River Medical Associates, Inc.

(Rockland, MA); Dr. Cristo Shakr practices at Crown OB/GYN (Quincy, MA); Dr. Brian Berger

practices at Boston IVF (Quincy, MA); Dr. Marian Craighill practices at Crown OB/GYN

(Quincy, MA), Dr. Karen Girard practices at the Brigham OB/GYN Group (Chestnut Hill, MA);

Dr. Amanda Metzger practices at Crown OB/GYN (Quincy, MA); Dr. Thomas McElrath

practices at Brigham & Women's Hospital Center for Fetal Medicine and Prenatal Genetics

(Boston, MA); Dr. Lydia Lee practices at Brigham & Women's Hospital Center for Fetal

Medicine (Boston, MA); Dr. Achilles Athanassiou practices at South Shore Hospital's Maternal

Fetal Medicine Center (Weymouth, MA). Furthermore, several key experts identified in

plaintiffs' expert disclosures are located in Massachusetts: Dr. Brian Berger (Quincy, MA); Dr.

Phillip Sullivan (Monument Beach, MA); Frank Moffa (Medford, MA) and Louis Imbriano (East

Boston, MA). Lilly may need to depose these witnesses and believes it may be necessary to call

them to testify at trial.

All of the witnesses described above are subject to the subpoena power of the United

States District Court for the District of Massachusetts, but none are subject to the subpoena

power of this Court in the District of Columbia. Despite the familiar refrain of plaintiffs'

counsel that DES-related cases rarely survive past settlement negotiations, this is not a

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

~~~~~~~~~~~~~~~~~~~~~~~~~~~~)
JUDITH MACMUNN, et al.          )
                                )
            Plaintiff,          )        Civil Action No. 07-1983 (RMU/AK)
                                )
        v.                      )
                                )
ELI LILLY AND COMPANY,          )
                                )
            Defendant.          )
~~~~~~~~~~~~~~~~~~~~~~~~~~~~)

## (PROPOSED) ORDER

UPON CONSIDERATION of Defendant Eli Lilly and Company's Motion to Transfer to

the District of Massachusetts, and Plaintiff's Opposition thereto, and for good cause shown, it is

this ___ day of _____, 2008,

**ORDERED** that Defendant Eli Lilly and Company's Motion be DENIED.


                           _____
                           The Honorable Ricardo M. Urbina
                           United States District Judge