UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

~~~~~~~~~~~~~~~~~~~~~~~~~~~~)
JUDITH MACMUNN, et al.       )
                             )
        Plaintiff,            )        Civil Action No. 07-1983 (RMU/AK)
                             )
    v.                       )
                             )
ELI LILLY AND COMPANY,       )
                             )
        Defendant.           )
~~~~~~~~~~~~~~~~~~~~~~~~~~~~)

### PLAINTIFFS' ERRATUM TO THEIR OPPOSITION TO TRANSFER

COME NOW Plaintiffs, through counsel, and submit the attached "Memorandum in Opposition to Defendant Eli Lilly's Motion to Transfer." This document replaces the document submitted as the Main Document to Docket No. 18, which due to a conversion error was reduced to one page.

Respectfully submitted,

AARON M. LEVINE AND ASSOCIATES


    /s/ Aaron M. Levine
Aaron M. Levine, #7864
1320 Nineteenth Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

COUNSEL FOR PLAINTIFFS

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)
JUDITH MACMUNN, et al.        )
                              )
       Plaintiff,            )    Civil Action No. 07-1983 (RMU/AK)
                              )
       v.                    )
                              )
ELI LILLY AND COMPANY,        )
                              )
       Defendant.            )
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)

**PLAINTIFFS' OPPOSITION TO DEFENDANT ELI LILLY AND COMPANY'S
MOTION TO TRANSFER TO THE DISTRICT OF MASSACHUSETTS**

**I.   INTRODUCTION**

In the present case, Defendant Eli Lilly and Company ("Defendant" or "Lilly") has already deposed one out-of-jurisdiction witness critical to the case: Herbert Jackowitz, a pharmacist knowledgeable about the practices of the pharmacy where Plaintiff Judith MacMunn's mother purchased diethylstilbestrol ("DES"). Mr. Jackowitz lives in Florida, outside the subpoena power of either this district or the District of Massachusetts; however, like most witnesses critical to this or any other DES case, he has appeared without resort to a subpoena.

In fact, Defendant's list of Massachusetts connections is weaker than its listing implies: Plaintiffs have chosen this forum for litigation and are both willing and able to fully prosecute their case here. Plaintiffs guarantee the presence of their witnesses in the District of Columbia, upon request by Defendant, on pain of dismissal.

1

There is absolutely no likelihood that a subpoena will be required to secure the testimony of Plaintiff Judith Martin's mother or any other of Plaintiffs' witnesses and Plaintiffs will guarantee their presence at any deposition or trial on pain of dismissal.

While the DES in this case was purchased in Massachusetts, the initial meetings regarding industry cooperation in the marketing of DES took place in Washington, D.C. See Trip Report, Meeting of Representatives of a Group of Drug Manufacturers Interested in Stilbestrol," Appendix 9.

Lilly is an Indiana corporation, and has stated in prior cases that it had no "state-specific" strategy for labeling or selling DES.

The current information about the pharmacy where the DES was purchased comes from a Florida resident who has already been deposed.

In hundreds of DES cases, Lilly usually only takes the deposition of one or two treating physicians who are designated by the plaintiff as expert witnesses, who Plaintiffs can compel to attend a deposition or trial. While Lilly can claim that others of these physicians have useful information, the fact of the matter is that, even if this case were transferred to Massachusetts, Lilly will likely not need a subpoena for any of them.

Lilly has already deposed one non-party fact witness, Herbert Jackowitz, who lives in Florida (and, in fact, was provided by Plaintiffs and did not require a subpoena to secure his deposition).

By filing a motion to transfer under 28 U.S.C. § 1404(a), Lilly has conceded that jurisdiction and venue were proper. See Bentz v. Reed Elsevier, Inc., 2000 U.S. Dist. LEXIS 20370 at *25 (S.D. Ohio Dec. 5, 2000). Plaintiffs have not chosen a forum completely irrelevant to the case at hand; the District of Columbia has been the site of

regular DES litigation. Lilly itself has taken advantage of the District of Columbia for DES litigation despite a relative lack of connection to their case. See Eli Lilly's Memorandum in Opposition to Motion to Transfer in Eli Lilly v. Home Ins. Co., pertinent parts attached as App. 11.

There is no extraordinary burden in this case that makes it any more burdensome than the hundreds of other DES cases litigated and settled in this District.

The District of Columbia is especially efficient in the settling of DES cases; Magistrate Judge Alan Kay has settled over one hundred DES cases, and no DES case in the past decade has gone to trial.

Looking at the questions of convenience and justice, the District of Columbia is the most appropriate jurisdiction for this suit.

## II.   THERE IS NO REAL INCONVENIENCE TO WITNESSES OR DOCUMENTS

The District of Columbia Circuit has made it clear that there is no "rule" that a particular cluster of contacts must, in every case, lead to transfer. See S.E.C. v. Savoy Industries, Inc., 587 F.2d 1149, 1154 (D.C. Cir. 1978) (citing Starnes v. McGuire, 512 F.2d 918, 929 (1974)). The Supreme Court has added that courts are to judge motions to transfer on a case-specific basis. Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988).

Just because other DES cases have merited transfer with similar groupings of contacts does not, without a particular examination to the facts and equities of this case, mean that this case must be transferred. Courts this district, taking heed of the Supreme Court's and this Circuit's directives to consider the facts of each case, have denied transfer even where DES plaintiffs live in the state of their exposure, and contacts outside the state are limited. See, e.g., Miller v. Eli Lilly and Co., No. 03-896 (D.D.C. May 5, 2004), attached as Appendix 1; Roing v.

3

Eli Lilly and Co., Civil Action No. 02-2211 (D.D.C. Jan. 2003) (Massachusetts), App. 2; Peterson v. Eli Lilly and Co., No. 01-1404 (D.D.C. Jan. 9, 2002) (Massachusetts), App. 3; Scaramuzzi v. Eli Lilly and Co., Civil Action No. 01-1095 (D.D.C. Dec. 19, 2001) (Rhode Island), App. 4. This Court recently denied Lilly's motion to transfer in a similar case despite Lilly's protests that everything occurred in the District of Massachusetts. See Minute Order in Mahoney v. Eli Lilly and Co., App. 8.

It is the burden of the party proposing transfer to show that his forum is more convenient. Ricoh Co. v. Honeywell, 817 F. Supp. 473, 480 (D.N.J. 1993). However, in its motion, Lilly makes only a general averment to the location of the witnesses. "To support its request for transfer under section 1404(a), a moving party must demonstrate (through affidavits or otherwise) what a non-resident witness will testify to, the importance of the testimony to the issues in the case, and whether that witness is willing to travel to a foreign jurisdiction." Thayer/Patricof Educ. Funding, L.L.C. v. Pryor Resources, Inc., 196 F. Supp. 2d 21, 33 (D.D.C. 2002). Lilly provides nothing more than a sketch of what each witness might say, and no statement as to whether these witnesses will or will not be available. This is not enough to show that Massachusetts is more convenient. See Robinson v. Eli Lilly and Co., No. 07-153, Mem. Op. at 7 (D.D.C. Feb. 26, 2008) (Refusing transfer in a DES case as "Lilly has presented no evidence that any lay or expert witnesses will refuse to appear in this district for trial or cannot have their testimony preserved by videotaped deposition."), attached as App. 2.

The convenience of the witnesses "is considered only to the extent that the witnesses may actually be unavailable for trial in one of the fora." Brannen v. National R.R. Passenger Corp., 403 F. Supp. 2d 89, 94 (D.D.C. 2005). See also Trout Unlimited v. United States Dep't of Ag., 944 F. Supp. 13, 16 (D.D.C. 1996). "Mere inconvenience" is not sufficient to justify transfer,

4

even if a witness is out of the subpoena power of the jurisdiction.  See Thayer/Patricof, 196 F. Supp. 2d at 34.  "When analyzing the convenience of parties and witnesses, a defendant must show that witnesses would be unwilling to testify in the District of Columbia . . . . Otherwise, *it is assumed that the witnesses will voluntarily appear*."  Fc Inv. Group Lc v. Lichtenstein, 441 F. Supp. 2d 3, 14 (D.D.C. 2006) (citations omitted, emphasis added); cf. Cell Genesys, Inc. v. Applied Research Sys. ARS Holding N.V., 2005 U.S. Dist. LEXIS 10152 at *14 (D.D.C. 2005) (standard is "demonstrated unavailability").[1]

The standard is "will be" unavailable for trial, not "might be."  While many witnesses reside outside the District of Columbia, there is no proof that any of them will be unavailable or that having them testify in the District rises above "mere inconvenience."  Plaintiff Judith MacMunn's mother is healthy and willing to testify absent a subpoena, and there is absolutely no evidence that any other witness would require a subpoena to testify in this case.  Plaintiffs and their counsel will, in this case, ensure the presence of all their lay witnesses in the District of Columbia at their expense, or suffer dismissal.

Defendant regularly deposed witnesses by telephone in past DES litigation, and Plaintiff will similarly consent and cooperate in this case.  In hundreds of DES cases, Defendant has almost never been required to subpoena a fact witness; Plaintiff's counsel will lend its offices in the District of Columbia for the accomplishment of any depositions.  Plaintiff's counsel, over the course of hundreds of DES cases, has consistently managed to ensure the presence of necessary witnesses without need for a subpoena.  Lilly's contention that some witnesses will be unavailable is simply not borne out by the facts.

---

[1] To the extent that cases are transferred without the factors set forth here, the grounds are likely not for the convenience of the witnesses; as set forth infra, Lilly has not met its burden as to the public interest factors.

Similarly, regarding documents, there is no reason to believe that some documents are unavailable to Defendant due to the forum. The same standard of burden – that Defendant must show actual unavailability – applies to documents as it does to witnesses. See Bohara v. Backus Hospital Med. Benefit Plan, 390 F. Supp. 2d 957, 963 (C.D. Cal. 2005). Documents which are in the possession of counsel or easily transportable to the current forum do not provide support for transfer. See Thayer/Patricof, 196 F. Supp. 2d at 36. Plaintiffs provided Defendant with all of their medical records in their possession and executed at Defendant's request additional medical record authorizations so that Defendant could request further medical records if it so chooses. There are, to Plaintiffs' and Plaintiffs' counsel's knowledge, no documents in existence relevant to this case which are not either already in the possession or control of Defendant. Defendant has provided no evidence otherwise and there should be no inference that documents are unavailable to Defendant.

Lilly is an Indiana corporation with its principal place of business in Indiana. The vast majority of the documents regarding Lilly's development and sale of its DES product, including documents critical to product identification and liability, have either been already provided to Plaintiffs' counsel in the District of Columbia or are in Indianapolis at Lilly's corporate headquarters. They are not in Massachusetts.

### III. OTHER PRIVATE INTEREST FACTORS WEIGH IN FAVOR OF THE DISTRICT OF COLUMBIA

In addition to the fact that Lilly has not established that witnesses will be unavailable, there are private interest factors that weigh in favor of the District of Columbia. The District of Columbia is more convenient for the expert witnesses of both parties, and there are documents available in the District of Columbia from Lilly's DES promotion here.

While expert witnesses have not yet been identified in this case, many expert witnesses regarding DES liability remain the same from case to case. To a great extent, the fundamental issues of this case will be tried by these experts. As such, District of Columbia Courts repeatedly emphasize that the convenience of expert witnesses is considered in the transfer analysis for DES cases. See, e.g., Robinson, Mem. Op. at 3, App. 6; Dimanche v. Eli Lilly and Co., No. 03-0236 (D.D.C. Oct. 17, 2003), Mem. Op. at 3, App. 7; Roing, Mem. Op. at 2, App. 2; Fastino, Mem. Op. at 4-5, App. 10; Thompson v. Eli Lilly and Co., Civil Action No. 03-CV-00122 (D.D.C. June 27, 2003), Mem. Op. at 6, Def's Exh. 1A. Any DES case will require the use of expert witnesses to establish the liability of the defendant, and so their convenience must be given some consideration. In another recent motion to transfer, Lilly stated that the location of expert witnesses in Massachusetts was a factor *in favor* of transfer. See Motion to Transfer to the District of Massachusetts, Mahoney v. Eli Lilly and Co., pg. 5, App. 12.

None of the expert witnesses for Plaintiffs or Defendant, who have for years provided the majority of the testimony for the disputed issues in any DES case, are more convenient to the District of Massachusetts. Plaintiffs' usual state of the art and damages experts include Dr. Richard Falk in Annapolis and Dr. Brian Strom in Pennsylvania. Plaintiff's expert Dr. John Hefferren, whose testimony is highly relevant to product identification, resides in Kansas. The Defendant's usual experts include Dr. Melvin Dodson in Florida, Dr. Eugene Albrecht in Baltimore, and Dr. Brian Little in New Jersey. It is more convenient for these experts to come to the District of Columbia than it is to go to the District of Massachusetts. A forum is not more convenient if it merely shifts the inconvenience from one set of witnesses to another. See Doyle v. Unified Sch. Dist. No. 210, Stevens Co., Kan., No. 93-4198, 1994 U.S. Dist. LEXIS 4180 at *4 (D. Kan. March 17, 1994).

### IV. THE PUBLIC INTEREST FACTORS ARE NOT SIGNIFICANT ENOUGH TO TRANSFER THIS CASE TO MASSACHUSETTS

The seeds of the DES tragedy were sown in the District of Columbia when Lilly and a number of other pharmaceutical manufacturers met to discuss a joint effort for FDA approval of DES. See "Trip Report", App. 9. It is also the location of Defendant's application to promote DES. Defendant maintains residence in the District's subpoena jurisdiction of an army of lobbyists and salespeople familiar with the marketing strategies and communications regarding DES. Plaintiffs expect to require discovery of Defendant's actions in promoting DES related to these issues; the coordination of the pharmaceutical manufacturers in the promotion of DES, including the transactions in the District of Columbia, will certainly be an issue in the event of a trial.

Courts in this district have previously found Defendant's efforts a relevant connection to the District of Columbia for transfer analysis.[2] See, e.g., Robinson, Mem. Op. at 3, 9, 10-11, App. 6; Dimanche, mem. op. at 2, App. 7; Roing, mem. op. at 2, App. 2; Blank v. Eli Lilly and Co., No. 02-1976 (D.D.C. Dec. 13, 2002), mem. op. at 5, App. 5; Fastino v. Eli Lilly and Co., No. 02-02210 (D.D.C. Oct. 8, 2003), mem. op. at 5, App. 11. Even in Abramson v. Eli Lilly and Co., cited by Defendant, the court considered Defendant's actions in the District of Columbia a contact in support of continued jurisdiction. Abramson, mem. op. at 3. Furthermore, Judge Roberts recently held in Robinson that the tortious conduct in DES cases is not necessarily centered in the state of exposure. See Robinson, Mem. Op. at 9, App. 6.

---

[2] To the extent that Thompson, Def's Exh. 1A, and Lentz, Def's Exh. 1C, are to the contrary, it is because Judge Walton and Judge Huvelle made specific findings with regard to the facts of those cases. See Thompson, mem. op. at 5 ("no direct connection to *this case*"); Lentz, mem. op. at 4 ("not directly related to *this particular case*") (emphasis added). As discussed supra, each motion to transfer is decided on its own merits; neither Thompson nor Lentz can establish that Defendant's actions in the District of Columbia are *never* enough to be a factor against transfer. In fact, Judge Roberts recently held in the Robinson case that Lilly's activities in the District of Columbia are potentially significant enough to affect the *choice of law* analysis. See Robinson, Mem. Op. at 10-11, App. 6. Plaintiff maintains that, for this case, she will require discovery of the District of Columbia-based coordination of efforts by the drug companies regarding DES, not just Defendant's direct interaction with federal regulatory bodies.

8

As stated by the court in Ingram, "there is nothing uniquely local about DES litigation." Ingram, 251 F. Supp. 2d at 6. Other courts in this District have found that the number of DES cases that this District has already decided prevent there from being a significant interest in the case leaving this forum. See, e.g., Robinson, Mem. Op. at 10, App. 6; Fastino, Mem. Op. at 5, App. 11. It is interesting to note that in the non-DES case McClamrock v. Eli Lilly and Co., Civil Action No. 02-2383, Defendant impressed upon the court that, while the District of Columbia was not a convenient forum for Zyprexa litigation, the history of DES litigation in the District of Columbia, and the regular statute of limitations disputes in DES cases, were adequate reasons to maintain a DES case in this jurisdiction. See pertinent pages of Eli Lilly's Motion to Transfer in McClamrock, as App. 10.

The District of Columbia is also Defendant's favored forum for DES litigation. Eli Lilly came from its headquarters in Indianapolis to the District of Columbia in 1982 to sue fourteen of its insurance companies over DES coverage, see Eli Lilly v. Home Ins. Co., 794 F.2d 710 (D.C. Cir. 1986), even though there was little connection between the insurance transaction and this jurisdiction. Eli Lilly could have sued where it resides and where all the contracts in dispute were written. All the defendants in the case were non-District of Columbia residents. There was no natural connection to the District of Columbia. Nonetheless, Eli Lilly filed in the District of Columbia, and when its insurers filed a motion to transfer to Indianapolis, alleging that Lilly was forum shopping, Eli Lilly opposed by stating:

> Forum shopping is no more evil than any other tactical determination a party makes in its behalf. Any competent lawyer chooses a forum with his or her client's interests in mind. . . .

Eli Lilly's Memorandum in Opposition to Motion to Transfer in Eli Lilly v. Home Ins. Co., p. 14, pertinent parts attached as App. 11.

> . . . Their accusations of 'forum shopping' . . . hope to divert the Court's attention from the relevant considerations of convenience and justice to the irrelevant matter of Lilly's reason for bringing suit in this District . . . Contrary to defendants' assertions, courts have not penalized plaintiffs for selecting forums with favorable laws. The relevant policy considerations are established by Van Dusen v. Barrack [citation omitted], the leading case on the subject, which *actually protects the plaintiff in his right to bring his action in the state in which the law is most advantageous to him.*

Id. at pg. 14 (emphasis partly in original, partly added). Defendant's use of the District of Columbia as a forum has been considered relevant regarding the public interest factors. See Fastino, mem. op. at 4, App. 3.

Furthermore, in numerous past cases, the parties have mediated these cases in front of the Honorable Alan Kay. Magistrate Kay has successfully mediated well over fifty DES cases. Keeping the case here would resolve it most quickly if Judge Kay could mediate and Plaintiffs would be amenable to referring the case for early mediation before him. The availability of Judge Kay has been held as a factor against transfer. See Ingram, 251 F. Supp. 2d at 6.

Apart from the underlying law, one of the most important issues in any DES case is the statute of limitations. DES was last prescribed in 1971; whether an action is timely filed depends on interpretation of the District of Columbia's statute of limitations. A District of Columbia court is in the best position to interpret the District of Columbia statute of limitations.

## V. CONCLUSION

Defendant has not established either the inconvenience of the District of Columbia or the convenience of Massachusetts. Defendant has not presented evidence that any of its allegations of unavailability will come to fruition, and further omits that it already has the vast majority of the documents it claim might be unavailable. Defendant ignores the contacts this case has with this jurisdiction and ignores the convenience of the expert witnesses. Nothing will be

accomplished by transfer of this case except a half-year's delay, the harassment of Plaintiffs' counsel's staff, added expense, and the burdening of a second federal judge's docket.

For the foregoing reasons, and for such further reasons as will be presented at oral argument, Plaintiffs respectfully request that Defendant's Motion to transfer be denied.

Respectfully submitted,

AARON M. LEVINE AND ASSOCIATES


   /s/ Aaron M. Levine
Aaron M. Levine, #7864
1320 Nineteenth Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

COUNSEL FOR PLAINTIFFS

## LCvR 7(f) REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7(f), Plaintiffs respectfully request an oral hearing on this motion.

/s/ Aaron M. Levine
AARON M. LEVINE, #7864