UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDITH MACMUNN *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No.: 07-1983 (RMU) |
| | : | |
| v. | : | Document No.:   17 |
| | : | |
| ELI LILLY COMPANY, | : | |
| | : | |
| Defendant. | : | |

MEMORANDUM OPINION

GRANTING THE DEFENDANT'S MOTION TO TRANSFER

I.  INTRODUCTION

Before the court is the defendant's motion to transfer this products liability case to

Massachusetts.  The defendant, Eli Lilly & Co., argues that both private and public interests

favor transfer primarily because the case has little if any ties to this District.  The plaintiffs,

Judith MacMunn and her husband Michael MacMunn, oppose transfer citing numerous cases

involving the same defendant and subject matter that have been resolved in this District.

Because the contacts relevant to this dispute are overwhelmingly focused in Massachusetts and

because this case is still in its nascent stages, the court grants the defendant's motion to transfer.

II.  FACTUAL & PROCEDURAL BACKGROUND

Plaintiff Judith MacMunn alleges that her mother ingested Diethylstilbestrol ("DES")

while pregnant with her in 1962.  Compl. ¶ 3.  The exposure to DES *in utero* purportedly

resulted in uterine and cervical malformations, infertility, physical and mental pain and medical

expenses and treatment.  *Id.* ¶ 6.  On September 14, 2007, the plaintiff and her husband, Michael

MacMunn filed a 7-count complaint in D.C. Superior Court, claiming negligence, strict liability,

breach of warranty, misrepresentation and loss of consortium. *See generally id.* Collectively,

the plaintiffs seek 3 million dollars in compensatory damages and 3 million dollars in punitive

damages. *Id.* at 6.

On November 2, 2007, the defendant removed the case to this court based on diversity of

citizenship. On January 8, 2008, the parties appeared before Magistrate Judge Kay for an initial

status hearing, at which time the court set dates to govern discovery, which closes on September

22, 2008. Four months after the initial status conference, the defendant filed a motion to transfer

this case to the District of Massachusetts. The plaintiffs have filed a response and the defendant

a reply. The court now turns to this motion.

## III. ANALYSIS

### A.  Legal Standard for Venue under 28 U.S.C. § 1391(a) and Transfer Pursuant to 28 U.S.C. § 1404(a)

When federal jurisdiction is premised solely on diversity, 28 U.S.C. § 1391(a) controls

venue, establishing that venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

In an action where venue is proper, 28 U.S.C. § 1404(a) nonetheless authorizes a court to

transfer a civil action to any other district where it could have been brought "for the convenience

of parties and witnesses, in the interest of justice[.]" 28 U.S.C. § 1404(a). Section 1404(a) vests

"discretion in the district court to adjudicate motions to transfer according to [an] individualized,

case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487

U.S. 22, 27 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  Under this

statute, the moving party bears the burden of establishing that transfer is proper.  *Trout Unlimited*

*v. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996).

Accordingly, the defendant must make two showings to justify transfer.  First, the

defendant must establish that the plaintiff originally could have brought the action in the

proposed transferee district.  *Van Dusen*, 376 U.S. at 622.  Second, the defendant must

demonstrate that considerations of convenience and the interest of justice weigh in favor of

transfer to that district.  *Trout Unlimited*, 944 F. Supp. at 16.  As to the second showing, the

statute calls on the court to weigh a number of case-specific private and public-interest factors.

*Stewart Org.*, 487 U.S. at 29.  The private-interest considerations include: (1) the plaintiff's

choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the

defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the

parties; (5) the convenience of the witnesses; and (6) the ease of access to sources of proof.

*Trout Unlimited*, 944 F. Supp. at 16 (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d

Cir. 1995); *Heller Fin., Inc. v. Riverdale Auto Parts, Inc.*, 713 F. Supp. 1125, 1129 (N.D. Ill.

1989); 15 FED. PRAC. & PROC. § 3848).  The public-interest considerations include: (1) the

transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of

the potential transferee and transferor courts; and (3) the local interest in deciding local

controversies at home.  *Id*.

### B.  The Court Grants the Defendant's Motion to Transfer

### 1.  The Private Interests Favor Transfer[1]

Surveying the private interest factors, the defendant concludes, based on the plaintiffs'

responses to interrogatories, that "all of the potential witnesses and sources of proof concerning

the injuries alleged in this case are located in the District of Massachusetts."  Def.'s Mot. at 6.

Specifically, the defendant recounts that the plaintiff's mother (the principal witness for the issue

of exposure) resides in Massachusetts; the medical records regarding the plaintiff's mother's

pregnancy are likely in Massachusetts; any still-living physicians who prescribed the plaintiff's

mother medicine during her pregnancy would likely reside in Massachusetts (outside the scope

of the District of Columbia's subpoena power); the pharmacists and pharmacy records regarding

the manufacturer of the DES that the plaintiff's mother allegedly ingested would be located in

Massachusetts; and the physicians and medical records related to injuries allegedly caused by

DES would all be in Massachusetts.  *Id.* at 6-7.  The plaintiffs counter that the defendant has not

met its burden to demonstrate that any of the witnesses will be unavailable for trial and, lacking

that, the court should assume that the witnesses will voluntarily appear.  Pls.' Opp'n at 4-5.

Although the plaintiffs are correct in stating that the defendant has not demonstrated, or

even argued, that the nonparty witnesses would be unavailable at trial, the fact that almost all of

---

[1]    For transfer to be proper, the defendant must first establish that the action could have been
brought in the proposed transferee district.  *Van Dusen*, 376 U.S. at 622.  The plaintiffs do not
contest the defendant's assertion that venue is proper in the District of Massachusetts.  *See
generally* Pls.' Opp'n.  Because complete diversity exists, 28 U.S.C. § 1332; because
Massachusetts's long-arm statute extends to torts allegedly committed in Massachusetts, MASS.
GEN. LAWS ch. 223A, § 3; and because a substantial part of the events occurred in Massachusetts,
this case could have been brought in Massachusetts, 28 U.S.C. § 1391(a)(2).

the nonparty, nonexpert[2] witnesses reside in Massachusetts clearly weighs in favor of transfer.

15 FED. PRAC. & PROC. § 3851 (noting that "courts weigh more heavily the residence of

important nonparty witnesses, who may be within the subpoena power of one district but not the

other"). Furthermore, the plaintiffs do not dispute that all the sources of relevant medical records

are located in Massachusetts. Pls.' Opp'n at 6. Accordingly, both the convenience of the

witnesses and the ease of access to sources of proof both weigh in favor of transfer.[3]

This typically is not enough to overcome the plaintiffs' choice of forum, however. *See*

*Piper Aircraft*, 454 U.S. at 255 (stating that "there is ordinarily a strong presumption in favor of

the plaintiff's choice of forum, which may be overcome only when the private and public interest

factors clearly point towards trial in the alternative forum"). It is enough in this case though

because the District has no meaningful ties to the controversy and because the plaintiffs reside in

Massachusetts. *Lentz v. Eli Lilly Co.*, 464 F. Supp. 2d 35, 38 (D.D.C. 2006). And the plaintiffs'

suggestion that "an army of lobbyists and salespeople familiar with the marketing strategies and

communications regarding DES" are located in the D.C., Pls.' Opp'n at 8, does not "tip the

balance in favor of maintaining this case in the District of Columbia," *Lentz*, 464 F. Supp. 2d at

37. Moreover, the operative facts giving rise to the plaintiffs' claim arose in Massachusetts.

Compl. ¶ 3. These circumstances coupled with the defendant's choice of forum, asserted before

---

[2]    The plaintiffs assert that this District will be more convenient for the parties' expert witnesses, Pls.' Opp'n at 6, but the parties' experts neither reside in Massachusetts nor the District, *id.* at 7. Thus, this fact cuts neither for nor against transfer.

[3]    Although the parties set forth arguments regarding the relative convenience in continuing the suit in this District or transferring the suit to Massachusetts, the defendant has not demonstrated any hardship in continuing the suit in this District, and the plaintiffs have not demonstrated any hardship in resolving the matter in Massachusetts. Accordingly, this factor remains in equipoise.

the parties have engaged in significant discovery,[4] lead the court to conclude that the private

interest factors favor transfer.  *Mahoney v. Eli Lilly & Co.*, 545 F. Supp. 2d 123, 129 (D.D.C.

2008) (opining that "[i]f the defendant had interposed its motion earlier in the litigation process,

more of the equities would tilt to transfer"); *Scaramuzz v. Eli Lilly Co.*, No. 01-1095 (D.D.C.

Dec. 20, 2001) (denying the defendant's motion to transfer in part because "the parties have

already engaged in substantial discovery").

## 2.  The Public Interests Favor Transfer

The defendant contends that Massachusetts has a strong interest "in seeing that the

product liability claims of Massachusetts citizens are tried fairly and effectively."  Def.'s Mot. at

10.  Furthermore, under D.C. choice of law provisions, Massachusetts law is likely to apply, and

"there is no reason that the District of Massachusetts cannot adequately resolve this case."  *Id.*

The plaintiffs do not dispute, and the court has little reason to doubt, the applicability of

Massachusetts law in this case; rather, the plaintiffs contend that the District's law applies to the

statute of limitations, which is an important issue in DES cases.  Pls.' Opp'n at 10.  In addition,

the plaintiffs respond by noting that the history of DES litigation in the District is sufficient to

prevent transfer.  *Id.* at 9.  Although this District is familiar with DES litigation, "[t]here is an

appropriateness . . . in having the trial of a diversity case in a forum that is at home with the state

law that must govern the case."  *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947).  Familiarity

with DES litigation does not counterbalance this interest; accordingly, this factor points toward

Massachusetts.

---

[4]     The plaintiffs contend that the defendant already has all relevant documents in its possession or
control.  Pls.' Opp'n at 6.  But discovery has not closed, and the court is in no position to evaluate
what documents may yet shed light on the plaintiffs' claims.  Furthermore, should these
documents require authentication or explanation, those most capable of doing so would be located
where the documents originated – Massachusetts.

The plaintiffs next contend that "there is nothing uniquely local about DES litigation." Pls.' Opp'n at 9.  There are, however, local harms that one community may have a stronger interest in resolving over another.  Here, plaintiff Judith MacMunn's mother allegedly ingested DES in Massachusetts; the plaintiffs allegedly suffered the ill-effects from this ingestion in Massachusetts; and these individuals all currently reside in Massachusetts.  Def.'s Mot. at 2.  The District, while its contacts with the case are not "legally insignificant," *Mahoney*, 545 F. Supp. 2d at 127, does not derive as great an interest from those contacts as Massachusetts does from its interest in redressing the harms of its citizens, *see Ingram v. Eli Lilly & Co.*, 251 F. Supp. 2d 1, 13-14 (D.D.C. 2003) (determining neither the District nor the transferee court had a "strong interest in this case as a local controversy because neither plaintiff nor her mother are currently residents" of the District or the transferee court).  The fact that DES litigation involves nationwide marketing practices does not upend this local interest.  Thus, this factor, too, favors transfer.

The court turns at last to the relative congestion of the courts.  As the defendant notes, this District has a more congested docket than the District of Massachusetts.  Def.'s Mot., Ex. 1, Attach. E.  The plaintiffs do not dispute this fact but protest that Magistrate Judge Kay is experienced in settling DES cases, which would likely result in a speedy resolution to this case. Pls.' Opp'n at 10.  The defendant responds that the District of Massachusetts has a similarly experienced magistrate judge whom both parties have requested to mediate other DES cases. Def.'s Reply at 12.  While not striking definitively for or against transfer, the factor shades nearer to transfer.  On balance then, both the private and the public interest factors support transferring the case to the District of Massachusetts, and the court, therefore, grants the defendant's motion.

## IV.  CONCLUSION

For the foregoing reasons the court grants the defendant's motion to transfer.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 19th day of June, 2008.

RICARDO M. URBINA
United States District Judge